J-S30034-23

2024 PA Super 98

| | | |
|---|---|---|
| DAVID F. GOULD, III, ESQ. AND GOULD LAW ASSOCIATES, P.C. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT WAGNER AND ROY STANLEY | : | No. 289 EDA 2023 |
| | : | |

APPEAL OF: ROBERT WAGNER

Appeal from the Order Dated January 10, 2023
In the Court of Common Pleas of Bucks County
Civil Division at No(s):  2013-02880

BEFORE:  BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

OPINION BY SULLIVAN, J.:                    **FILED MAY 14, 2024**

In this case of first impression, Robert Wagner ("Wagner")[1] appeals from the trial court's order granting the petition to mark judgment satisfied filed by David F. Gould, III, Esquire and Gould Law Associates, P.C. (collectively "Appellees") pursuant to the Deficiency Judgment Act, 42 Pa.C.S.A. § 8103 ("DJA").[2]  We affirm.

---

[1] Roy Stanley, who is listed in the caption of the case, is not a party to the instant appeal.

[2] The Deficiency Judgment Act provides, in relevant part:

Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment,

*(Footnote Continued Next Page)*

We take the underlying facts and procedural history in this matter from the trial court's opinions, this Court's prior opinion in **Wagner v. Gould**, 2019 WL 2524600 (Pa. Super. Jun. 19, 2019) (unpublished memorandum), and our review of the certified record. The instant matter arose out of prior legal proceedings between the parties, discussed thoroughly in **Wagner**, **supra**. Appellees are judgment debtors and Wagner is the judgment creditor. The relevant history is as follows:

> [A] judgment was entered . . . in favor of Wagner against [Appellees] in the amount of $500,000. In the same order, a judgment was entered in favor of [Appellees] against Wagner in the amount of $38,169.28. Wagner filed a motion to set-off judgments which was granted[.] The surviving judgment Wagner held against [Appellees] was in the amount of $461,830.72. Wagner then proceeded to execute against two properties owned by [Appellees]. Sheriff's deeds were delivered to Wagner[.]
>
> . . . Wagner [subsequently] filed a petition to fix the fair market value pursuant to [the DJA] (hereinafter, the ["petition"]). [The] petition requested that the [trial] court set the fair market value of the properties at $11,560.25 and $63,131.95. [Several months later, Appellees] filed a petition to mark judgment satisfied pursuant to [the DJA] and never answered the petition[. A few days later,] the prothonotary, pursuant to praecipe filed by Wagner, entered a default judgment against [Appellees] and determined the fair market values of the properties to be the values listed on the face of Wagner's petition[.] The very next day, [Appellees] filed a petition to strike entry of judgment by default. [The trial court] ordered that the default judgment

---

> interest and costs, the judgment creditor shall petition the court to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered. . . .

42 Pa.C.S.A. § 8103(a).

entered . . . was stricken due to Wagner's failure to include a notice to defend in his petition[.] Wagner filed a motion for reconsideration which was denied[.]

[Ten days later], Wagner filed a motion for leave to amend *nunc pro tunc* his petition . . . (hereinafter, the "motion to amend *nunc pro tunc*"). [The trial court] issued a rule to show cause why Wagner's motion to amend *nunc pro tunc* should not be granted. [Subsequently, the trial court] denied Wagner's motion for leave to amend *nunc pro tunc*. Thereafter, Wagner filed a motion for reconsideration which [the trial court] denied[.]

Trial Court Decision and Order, 12/21/22, at 1-3 (unnecessary capitalization, footnotes, and record citations omitted, some citation formats altered).

Appellees filed a motion for summary judgment. **See id**. at 3. Wagner filed a response denying the averments in the motion for summary judgment. The trial court determined summary judgment was not appropriate, and, instead, ordered a non-jury trial on stipulated facts. **See id**. at 4. However, the parties were unable to agree on the stipulated facts. Accordingly, the parties both submitted proposed facts and the court held a non-jury trial and allowed the parties to submit supplemental briefs. **See** N.T., 11/9/22, at 2-19. The trial court subsequently entered a decision and order granting Appellees' petition to mark judgment satisfied and denying their petition for summary judgment as moot. **See** Trial Court Decision and Order, 12/21/22, at 1. Wagner filed a motion for reconsideration, which the trial court denied. The instant, timely appeal followed.[3]

---

[3] Wagner and the trial court complied with Pa.R.A.P. 1925.

On appeal, Wagner raises the following issues for our review:

1. Whether the trial court erred as a matter of law when it determined [Wagner's petition] did not include a notice compliant with Pennsylvania Rules of Civil Procedure 3279 and/or 3282 . . . where: (a) the express language of Rule 3282(b) did not require [Wagner] to provide [Appellees] with a copy, *verbatim*, of the sample notice set forth under Rule 3282(b); (b) the notice [Appellees] received fulfilled every function of the exemplary notice set forth under Rule 3282(b) under the relevant circumstances; (c) the legislative intent behind Pennsylvania's [DJA] and related Rules of Civil Procedure was not to benefit a sophisticated party, such as [Appellees], by enabling [them] to discharge a judgment lawfully obtained by [Wagner?]

2. Whether the trial court erred as a matter of law when, based upon its conclusion [Wagner's] petition did not include a notice compliant with Pennsylvania Rules of Civil Procedure 3279 and/or 3282, it: (a) determined that [Wagner's] petition was "legally insufficient" and/or a "nullity;" (b) determined [Wagner's] petition and service thereof failed to commence a deficiency judgment action against [Appellees] pursuant to [the DJA]; (c) determined [Wagner's] filing and service of his petition failed to toll the applicable statute of limitation set forth in 42 Pa.C.S.A. Section 5522(b)(2); (d) granted [Appellees'] petition to mark judgment satisfied pursuant to [the DJA]; and (e) directed the prothonotary to mark [Wagner's] judgment against [Appellees] satisfied, released, and discharged[?]

3. Whether the trial court erred as a matter of law when it determined [] an exception to the law of the case doctrine did not enable the trial court to revisit the order entered [by an earlier trial judge], with respect to the issue of whether the notice set forth by [Wagner] in his petition satisfied the requirements of Pennsylvania Rules of Civil Procedure 3279 and/or 3282, where (a) [the earlier judge] retired prior to the trial in this matter . . . over which the trial court presided; and where (b) [Wagner] introduced *new evidence of material fact* at [trial], which was not present before [the earlier judge] when [the court] entered the [earlier order?]

Wagner's Brief at 3-5 (some citation formats and punctuation altered; italics added).

- 4 -

Although Wagner purports to raise three issues on appeal, his issues are more properly analyzed as alternative phrasings of a single issue, which the trial court succinctly stated as follows:

> Is a generic notice to plead an adequate substitute for the specific notice to defend set forth in Pa.R.Civ.P. 3282(b) to timely commence a proceeding under [the DJA] to fix fair market value of real property sold when Rules 3279 and 3282 mandate that the petition "shall begin" with the notice to defend?

Trial Court 1925(a) Opinion, 3/6/23, at 3 (unnecessary capitalization omitted). Before we can address the merits of Wagner's arguments,[4] we must consider whether defects in Wagner's brief require dismissal of the appeal.

Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may dismiss an appeal if the defects in the brief are substantial. *See Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017); *Karn v. Quick & Reilly Inc.*, 912 A.2d 329, 335 (Pa. Super. 2006). If a deficient brief hinders this Court's ability to address any issue on review, the issue will be regarded as waived. *See Coulter v. Ramsden*, 94 A.3d 1080, 1088-89 (Pa. Super. 2014).

Wagner's brief fails to comply with multiple rules of appellate procedure. His statement of the questions involved does not comply with Pa.R.A.P.

---

[4] Wagner only challenges the propriety of the trial court's decision concerning the deficiency of his petition; he does not raise a separate challenge to the grant of Appellees' petition to mark the judgment satisfied or argue that Appellees' petition is in any way deficient. *See* Wagner's Brief at 34-81.

2116(a) as it does not concisely state the issues to be resolved. Wagner's twenty-six-page statement of the case includes a lengthy, unnecessary description of the underlying malpractice case against Appellees. ***See*** Wagner's Brief at 6-30. Wagner's statement of the case includes argument, contrary to Pa.R.A.P. 2117(b). ***See id***. Wagner does not include a statement of the place of raising or preserving issues in his brief, contrary to Pa.R.A.P. 2117(c). Wagner's summary of the argument does not comply with Pa.R.A.P. 2118 because it is neither concise nor accurate. ***See id***. at 31-34. Most importantly, Wagner's argument, which is repetitive, does not comply with Pa.R.A.P. 2119(a) because it raises legal arguments neither stated nor contemplated by his statement of the questions involved. ***See id***. at 34-79; ***see also*** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or fairly suggested thereby."). Although Wagner's brief is deficient in these regards, we will address Wagner's arguments to the extent preserved, as the brief's deficiencies do not substantially impede meaningful appellate review. ***See Clark v. Peugh***, 257 A.3d 1260, 1264 n.1 (Pa. Super. 2021).

When reviewing an order fixing fair market value as part of proceedings under the DJA, an appellate court is limited to a determination of whether there is sufficient evidence to sustain the holding of the trial court, or whether the court committed reversible error of law. ***Devon Serv., LLC v. S & T Realty***, 171 A.3d 287, 291 (Pa. Super. 2017). "The judgment ***creditor***

must carry the burden to demonstrate its compliance with the [DJA.] . . . Moreover, the [DJA] is to be liberally interpreted *in favor of judgment debtors*." ***Home Sav. & Loan Co. of Youngstown, Ohio v. Irongate Ventures, LLC***, 19 A.3d 1074, 1078 (Pa. Super. 2011) (internal quotation marks and citations omitted, emphases added) ("***Irongate Ventures***").

Wagner's challenge to the trial court's finding his petition did not comply with Pa.R.Civ.P. 3279 and/or 3282 requires this Court to interpret the Rules of Civil Procedure. Thus, our standard of review is *de novo* and our scope of review is plenary. ***See Sayers v. Heritage Valley Medical Group., Inc.***, 247 A.3d 1155, 1159 (Pa. Super. 2021) (citation omitted). "The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court." Pa.R.J.A. 108(a).[5] In so doing, "the rules shall be liberally applied to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error

---

[5] Pennsylvania Rule of Civil Procedure 127 was rescinded and replaced with Pennsylvania Rule of Judicial Administration 108 effective January 1, 2024. It is long settled changes in law are applied retroactively to cases pending on appeal. ***See Christy v. Cranberry Volunteer Ambulance Corps, Inc.***, 856 A.2d 43, 51 (Pa. 2004).

or defect of procedure which does not affect the substantive rights of the parties." Pa.R.Civ.P. 126.[6]

Statutory construction is not required for unambiguous language, only where ambiguity exists. Thus,

> we construe every rule, if possible, to give effect to all of its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. It is only when the words of a rule are not explicit that we may ascertain the intent by reference to other matters. . . . As we have explained in the context of statutory construction, ambiguity occurs when there are at least two reasonable interpretations of the text. When we are construing and giving effect to the text, we should not interpret statutory words in isolation, but must read them with reference to the context in which they appear.

*HTR Restaurants, Inc. v. Erie Ins. Exchange*, 307 A.3d 49, 58 (Pa. 2023) (internal quotation marks and footnotes omitted).

Pennsylvania Rule of Civil Procedure 3279, which concerns the commencement of proceedings under the DJA, states:

> [t]he proceeding **shall be commenced** by filing a petition which **shall begin with the notice to defend** and set forth the averments required by Rule 3282 or Rule 3288.

Pa.R.Civ.P. 3279(a) (emphases added). Pennsylvania Rule of Civil Procedure 3282 provides in pertinent part:

> The petition **shall begin with a notice to defend substantially in the following form**:

---

[6] The language of Pennsylvania Rule of Civil Procedure 126 was amended effective January 1, 2024. Again, we apply the current version of the Rule. *See id*.

**(CAPTION)**

**NOTICE TO DEFEND**

To the Respondent(s):

You have been sued in court. The petition set forth in the following pages requests the court to determine the amount which should be credited against any liability you may have to the petitioner as a result of the purchase by the petitioner at an execution sale of the real property described in the petition. If you wish to defend against the petition, you must take action within twenty (20) days after this petition and notice are served upon you, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the matters set forth in the petition. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any claim or relief requested by the petitioner. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

_____
(Name)

_____
(Address)

_____
(Telephone Number)

Pa.R.Civ.P. 3282(b) (emphasis added).

Wagner raises several overlapping arguments in support of his contention the trial court erred. He claims his notice "strictly" or

"substantially" complied with the notice mandated by Pa.R.Civ.P. 3282(b). Wagner's Brief at 34-40. He asserts Pa.R.Civ.P. 3282(b) is "ambiguous" or "inexplicit" and, therefore, the trial court should construe it liberally. *Id*. at 40-48. Wagner also argues, regardless of any alleged failure to comply with Rules 3279 and 3282, his petition was "legally valid," timely filed, and sufficed to commence a supplementary proceeding to fix the fair market value of the properties against Appellees. *Id*. at 68-72. In the alternative, Wagner argues his filing of the petition, notwithstanding the defective notice, served to toll the statute of limitations. *Id*. at 72-75. Lastly, Wagner contends the trial court improperly applied the law of the case doctrine. *See id*. at 76-80.

The trial court concluded Wagner had not commenced a timely proceeding under the DJA because his petition did not include the mandatory notice to defend, and regardless of whether the judgment debtor had actual notice, that fatal defect defeated his claim. *See* Trial Court Decision and Order, 12/21/22, at 5-17.

Having thoroughly reviewed the law and the record, we find no error in the trial court's ruling. As cited above, Rule 3279 unambiguously states in order to commence an action under the DJA, the litigant must file a petition which, "***shall*** begin with a notice to defend[.]" Pa.R.Civ.P. 3279(a) (emphasis added). Rule 3282 which delineates the form of the petition and the notice to defend, likewise states, "[t]he petition ***shall*** begin with a notice to defend[.]" Pa.R.Civ.P. 3282(b) (emphasis added).

Our Supreme Court has stated, "By definition, 'shall' is mandatory." ***Oberneder v. Link Computer Corp.***, 696 A.2d 148, 150 (Pa. 1997). ***See also Corestky v. Bd. of Com'rs of Butler Tp***., 555 A.2d 72, 74 (Pa. 1982) (holding the use of the word "shall" in a statute is mandatory, clear, and unambiguous).

For the word "shall" to be ambiguous as Wagner claims, its use in Rules 3279(a) and 3282(b) would have to bear two reasonable interpretations, it does not. The only reasonable construction of "shall" in Rules 3279(a) and 3282(b) is that to begin an action under the DJA, a litigant must file a petition which includes a notice to defend. Our conclusion the use of the word "shall" is mandatory in this context is buttressed by this Court's interpretation of the word "shall" in other sections of the DJA to be mandatory. ***See Irongate Ventures***, 19 A.3d at 1078-80 (holding the language of the DJA which requires that a deficiency petition ***shall*** be filed as a supplementary pleading in the matter in which the judgment was entered is mandatory and because the creditor filed the petition in the incorrect action, the trial court did not err in granting the debtor's petition to mark the judgment satisfied).

Moreover, while our Courts have not addressed whether the inclusion of a notice to defend is mandatory in the context of Pa.R.Civ.P. 3279 and 3282, we have addressed the issue in the context of an analogous rule, Pa.R.Civ.P. 1018.1, which provides "every complaint filed by a plaintiff and every complaint filed by a defendant against an additional defendant ***shall begin***

**with a notice to defend** in substantially the form set forth in subdivision (b).

. . . " Pa.R.C.P. 1018.1(a) (emphasis added). As the trial court cogently explained:

> Applying [Rule 1018.1], courts of this Commonwealth have continuously found that it is mandatory that a notice to defend be incorporated in a complaint. . . . Failure to include a notice to defend when such notice is required by rule is a facial defect on the pleading that will void subsequent judgments. . . .**Mother's Rest., Inc. v. Krystkiewicz**, 861 A.2d 327, 337-38 (Pa. Super. 2004). Further, these defective pleadings do not require a response. **Id**. (neighbor had no duty to respond to amended complaint that did not contain notice to defend, and failure of amended complaint to contain the notice was a facial defect of record which rendered the default judgment void when [the] rule states every complaint filed by a plaintiff . . . shall begin with a notice to defend); **Lewandowski v. Crawford**, 222 A.2d 601, 601 (Pa. Super. 1966) ("[f]ailure to endorse a pleading with notice to answer relieves the opposite party of the obligation to file a responsive pleading, and in consequence, no default judgment can be entered against him"); **Franklin Interiors, Inc. v. Browns Lane, Inc.**, 323 A.2d 226, 228 (Pa. Super. 1974) ("a default judgment entered where there has not been strict compliance with the rules of civil procedure is void") . . . .

Trial Court Decision and Order, 12/21/22, at 12 (footnote and unnecessary capitalization omitted, some citation formats altered, some internal quotation marks omitted). Thus, the trial court did not err in concluding to commence an action under the DJA, a petition must include a notice to defend.[7]

---

[7] Because we agree with the trial court that the language in question was mandatory and unambiguous, we need not address Wagner's claim the trial court did not properly interpret the Supreme Court's intent in promulgating the rule. **See O'Neill v. State Employees Retirement System**, 280 A.3d 873, 881-82 (Pa. 2022).

Wagner argues his petition included a notice to defend that either "strictly" or "substantially" complied with the notice described in Pa.R.Civ.P. 3282(b). Wagner's Brief at 34-40. The record does not support Wagner's contention.

We reject Wagner's labored attempt to convince us the phrase "substantially in the following form," Pa.R.Civ.P. 3282(b), is ambiguous. *See id*. at 37-54. The Pennsylvania Supreme Court has stated:

> [B]lack's Law Dictionary defines the term "substantially" as "[e]ssentially; without material qualification; in the main; in substance; materially." Similarly, an on-line dictionary defines "substantially" as "in a basic or essential way; fundamentally." The Cambridge Dictionary defines the term as "to a large degree." Similarly, another dictionary provides its meaning as "very much; a lot." Finally, the Britannica Dictionary defines "substantially" as both "very much: a lot" and "almost completely."

*O'Neill*, 280 A.3d at 885 (internal citations and footnote omitted). The Court thus held the phrase "substantially the same" as used in the Pennsylvania Public Employee Pension Forfeiture Act[8] was unambiguous and defined it as "identical or essentially identical." *Id*. at 886. The Pennsylvania Supreme Court has not construed the phrase "substantially in the following form" with respect to Pa.R.Civ.P. 3282(b). Regarding Pa.R.Civ.P. 1042.3, however, it has held where the phrase is followed by a sample form, the rule "shows precisely" what is required. *Womer v. Hilliker*, 908 A.2d 269, 278 (Pa. 2006).

---

[8] Act of July 8, 1978, P.L. 752, No. 140, 43 P.S. §§ 1311-15.

Thus, we conclude the phrase "substantially in the following form" is not ambiguous and because Pa.R.Civ.P. 3282 (b) is followed by a sample form, a notice to defend must be "identical or essentially identical" to the sample notice. *O'Neill*, 280 A.3d at 886. Wagner's "notice", reproduced below, does not meet this standard.

2013-02880-0260 MOTION/PETITION, Page 4

ALAN L. FRANK LAW ASSOCIATES, P.C. By:
Alan L. Frank, Esq.
        Atty ID No. 34414
135 Old York Road
Jenkintown, PA 19046
T: (215) 935-1000
F: (215) 935-1110

DAVID F. GOULD, HI, ESQUIRE
20 S. Pine Street
Doylestown, PA 18901 Respondent

                v.

ROBERT WAGNER
248 Woodland Drive
Upper Black Eddy, PA 18972
            Petitioner,

To Respondent, you are hereby notified to file a written response to the Petition within Twenty (20) days of Service hereof or judgment may be entered against you.

Alan L. Frank, Esquire
*Attorneys for Petitioner*

IN THE COURT OF COMMON PLEAS OF
BUCKS COUNTY

No. 2013-02880

**PETITION TO FIX FAIR MARKET VALUE OF REAL PROPERTY**
**PURSUANT TO SECTION 8103(a)**

Petitioner, Robert Wagner ("Petitioner" or "Wagner"), by and through his legal counsel, the law firm of Alan L. Frank Law Associates, P.C., brings the following Petition to Fix Fair Market Value of Real Property pursuant to Section 8103(a) of the Judicial Code against Respondent, David F. Gould, m, Esquire ("Respondent" or "Gould"), and hereby avers as follows:

    1.    Petitioner, Robert Wagner, is an individual with an address located at 248 Woodland Drive, Upper Black Eddy, PA 18972.

Petition, 7/15/20, at 4.

Wagner's petition fails to use the visual form required by Pa.R.Civ.P. 3282(b) and does not include the language the rule requires. The "notice" is not titled, not set forth on a separate page, and, given its location in the top

right-hand corner of the caption of the petition, essentially unnoticeable. Further, the "notice" does not inform the respondent he has been sued, does not tell him to take the paper to a lawyer, and does not include the critical language, "[t]he petition set forth in the following pages requests the court to determine the amount which should be credited against any liability you may have to the petitioner as a result of the purchase by the petitioner at an execution sale of the real property described in the petition." Pa.R.Civ.P. 3282(b). Wagner's "notice" is simply not "identical or essentially identical" to the notice mandated by Pa.R.Civ.P. 3282(b). Thus, Wagner did not either strictly or substantially comply with Pa.R.Civ.P. 3282(b).

Wagner maintains, even if he was not in compliance with Pa.R.Civ.P. 3282(b), his noncompliance should be excused because Pa.R.Civ.P. 126 mandates a liberal construction of the Rules of Civil Procedure. **See** Wagner's Brief at 57-68. Wagner's argument does not merit relief.

The Pennsylvania Supreme Court has distinguished between minor procedural missteps, to which it has applied Pa.R.Civ.P. 126, and the failure of a party to substantially comply with the Rules. **See Womer**, 908 A.2d at 276-78. In so doing, the Court stated:

> [Appellant] is essentially arguing that the doctrine of substantial compliance in Rule 126 not only excuses a party who commits a procedural misstep in attempting to do that which a rule instructs, but *also excuses a party **who does nothing that a rule requires, but whose actions are consistent with the objectives he believes the rule serves. This is simply not so***. The equitable doctrine we incorporated into Rule 126 is one of **substantial** compliance, not one of **no** compliance. We

- 15 -

reiterate what our case law has taught: ***Rule 126 is available to a party who makes a substantial attempt to conform, and not to a party who disregards the terms of a rule in their entirety and determines for himself the steps he can take to satisfy the procedure that we have adopted to enhance the functioning of the trial courts***.

***Id***. at 278 (internal citations and footnote omitted, some emphases added).

Wagner failed to substantially comply with the mandatory requirement of Pa.R.Civ.P. 3282(b) to include a notice to defend that was either identical or substantially identical to the sample notice but instead "determine[d] for himself the steps he could take" to comply and attempts to evade the consequences of his noncompliance by relying on Rule 126. ***Id***. This is not permitted. ***See id***. Thus, we conclude the trial court did not err in finding Wagner failed to timely comply with the requirements of Pa.R.Civ.P. 3279 and 3282(b).

Wagner next contends, regardless of any deficiency in his petition, its filing served to toll the statute of limitations, and, therefore, the trial court erred in finding the petition untimely. ***See*** Wagner's Brief at 71-76. However, as noted above, this Court has held the failure to include a notice of defend when one is required renders the document in question void, a legal nullity to which no response is required. ***See Mother's Rest.***, 861 A.2d at 337-38 (collecting cases); ***Clymire v. McKivitz***, 504 A.2d 937, 939 (Pa. Super. 1986) (holding failure to include a mandatory notice to defend relieves the opposing party of the obligation to respond and the plaintiff cannot obtain a default judgment against them). The Petition at issue required a notice to defend;

Wagner failed to comply with the requirement and the complaint was thus a legal nullity. A document that is fatally flawed and a legal nullity cannot logically toll the statute of limitations. Wagner has not pointed to any legal support for the proposition a legal nullity serves to toll the statute of limitations. Moreover, such an argument runs afoul of the mandate that we must "liberally interpret the [DJA] in favor of judgment debtors." *Irongate Ventures*, 19 A.3d at 1078 (citation omitted). Here, to "commence" an action under the DJA, Wagner was required to file "a petition which shall begin with a notice to defend[.]" Pa.R.Civ.P. 3279. Wagner has not met his burden to show he did so. *See Irongate Ventures*, 19 A.3d at 1078. Thus, Wagner's defective petition did not serve to commence a timely action under the DJA, and the trial court did not abuse its discretion in declining to toll the statute of limitations. *See Irongate Ventures*, 19 A.3d at 1080 (holding the trial court did not err in declining to transfer a timely, but incorrectly filed petition to fix fair market value from one action to another where the petition ignored mandatory, statutory language regarding the filing of the petition). Wagner's second claim does not merit relief.

Because we agree with the trial court that Wagner filed a fatally deficient petition under the DJA, we need not address Wagner's third theory of relief:

that the trial court erred in applying the law of the case doctrine.[9]  For the reasons discussed, above, we affirm.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/14/2024

_____

[9] In any event, although the trial court concluded under the law of the case doctrine it was bound by the earlier decision in the case that Wagner's failure to include a notice to defend was a defect on the face of the pleadings, it also noted it agreed with the earlier decision and offered a detailed explanation for its findings.  **See** Trial Court Decision and Order, 12/21/22, at 8-10; **see id**. at 5-17.