J-A01040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: CIVIL CONTEMPT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: CHARLES A. | : | |
| ROSENBAUM | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2097 EDA 2024 |

Appeal from the Order Entered July 18, 2024
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s):  CP-51-JM-0000010-2024

JUDGMENT ORDER PER CURIAM:             **FILED DECEMBER 19, 2024**

Charles A. Rosenbaum, Esquire ("Rosenbaum") appeals *pro se* from the order finding him in civil contempt based upon his failure to appear at a hearing.  We dismiss and strike the case from the argument list.

In May 2024, Rosenbaum notified court administration he would be unable to appear in court that day due to a family emergency.  ***See*** Rosenbaum's Brief at 4 (unnumbered).  The trial court claimed it had specifically attached Rosenbaum for a hearing and Rosenbaum failed to personally notify it of his inability to appear.  ***See*** Trial Court Opinion, 9/23/24, at 2.  The trial court issued a rule to show cause as to why Rosenbaum should not be held in civil contempt, and, following a brief hearing, found Rosenbaum

in contempt and fined him $250.00.  ***See*** Rule to Show Cause, 5/30/24, at 1,

Order 8/20/24, at 1.  This appeal followed.[1]

Rosenbaum raises a single issue on appeal:

Whether the trial court erred in holding [Rosenbaum] in civil contempt of court, despite the fact that [Rosenbaum] was unable to appear in the court due to a family medical emergency and was listed on the call-out sheet for court[-]appointed attorneys in the family court?

Rosenbaum's Brief at 3 (unnumbered) (unnecessary capitalization omitted,

punctuation regularized).

Rosenbaum filed a brief which fails to conform to our Rules of Appellate

Procedure.  ***See*** Rosenbaum's Brief at 1-7 (unnumbered).  Rosenbaum's brief

does not include a statement of scope and standard of review.[2]  Rosenbaum's

statement of the case does not include any citations to the record and fails to

include necessary facts.[3]  Rosenbaum did not file a reproduced record and

did not seek to be excused from filing it.[4]  Critically, Rosenbaum's four-

paragraph argument does not cite to any legal authority or the record.  ***See***

Rosenbaum's Brief at 6-7 (unnumbered).

---

[1] Rosenbaum and the trial court complied with Pa.R.A.P. 1925.

[2] ***See*** Pa.R.A.P. 2111(a)(3).

[3] ***See*** Pa.R.A.P. 2117(a)(4).

[4] See Pa.R.A.P. 2151(d).

Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure ("Pa.R.A.P."), and this Court may dismiss an appeal if the defects in the brief are substantial. *See Gould v. Wagner*, 316 A.3d 634, 638-39 (Pa. Super. 2024). It is an appellant's duty to present arguments that are sufficiently developed for our review. *See Chavers v. 1605 Valley Center Pky, LP*, 294 A.2d 487, 504 (Pa. Super. 2023). This Court will not comb the record for facts in support of an appellant's claim and will not develop arguments on his behalf. *See Keller v. Mey*, 67 A.3d 1, 7 (Pa. Super. 2013). If a deficient brief hinders this Court's ability to address any issue on review, the issue will be regarded as waived. *See Gould*, 316 A.3d at 639.

Rosenbaum's brief contains no citations to the record and no citations to legal authority.[5] This Court will not comb the record or make an appellant's arguments for him. *See Keller*, *supra*. Accordingly, Rosenbaum's failure to conform with our appellate rules compels the dismissal of the appeal. *See* Pa.R.A.P. 2101 (providing that "if the defects . . . in the brief . . . are

---

[5] *See* Pa.R.A.P. 2119(a).

substantial, the appeal . . . may be . . . dismissed"); *accord Gould*, 316 A.3d at 638-39.[6]

Appeal dismissed.  Case stricken from argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2024

---

[6] We note the trial court opinion in this matter is deficient.  Moreover, based upon our review of the certified record, had Rosenbaum filed a proper appellate brief, it is highly likely we would have reversed the finding of contempt.