J-A04034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WILSON GEOVANNI CISNEROS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRACEY ANN MONDRY | : | |
| | : | |
| Appellant | : | No. 918 MDA 2024 |

Appeal from the Order Entered May 30, 2024
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 202404836

BEFORE: LAZARUS, P.J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED: JANUARY 16, 2025**

Tracey Ann Mondry ("Mondry") appeals *pro se* from the order granting the petition of Wilson Geovanni Cisneros ("Cisneros") on behalf of himself and one of the parties' children ("Child") for a protection from abuse ("PFA") order. We dismiss this appeal and strike the case from the argument list.

In late April 2024, Cisneros filed a petition seeking a PFA order on behalf of himself and child.[1] The petition recounted incidents which occurred earlier in May, when Mondry, who lives in California, came to Pennsylvania to visit Child. An evidentiary hearing took place in late May 2024, at which Mondry appeared via Zoom. Following the hearing, the trial court granted a PFA order for a period of one year, which prohibited Mondry from "abusing, stalking,

---

[1] While the record is not clear, it appears the parties were previously married and had three children together. This case concerns the youngest child.

harassing, threatening, or attempting to threaten to use physical force" against Cisneros or child and excluding Mondry from Cisneros's residence. Trial Court Opinion, 8/23/24, at 1-2. The order allowed for contact between the parties. *See id*. This appeal followed.[2]

Mondry raises six issues on appeal:

1. Whether [Mondry] was denied due process by not being allowed to submit all of the evidence to the court?

2. Whether [Mondry] was prejudiced by the [trial court] allowing testimony from an individual with self[-]admitted mental issues to be credible [sic][?]

3. Was [Mondry] prejudiced by the [trial court] allowing hearsay testimony that was deemed credible[?]

4. Was [Mondry] prejudiced by the [trial court] not allowing [Child] to testify?

5. Was [Mondry] prejudiced by the [trial court] not allowing [Mondry] to clear up a mistake of words during the hearing; a mistake which ultimately led to [Mondry] facing consequences?

6. Does Pennsylvania have jurisdiction over an out[-]of[-]state citizen when there have been no criminal convictions or anything tieing [sic] the citizen to the Commonwealth[?]

Mondry's Brief at 7 (punctuation regularized).

Mondry filed a brief which fails in numerous, significant ways to conform to our Rules of Appellate Procedure. *See* Mondry's Brief at 4-17. Mondry's

---

[2] Mondry and the trial court complied with Pa.R.A.P. 1925.

statement of jurisdiction includes argument[3] and her statement of the scope and standard of review is wrong.[4] Mondry's statement of the case does not include any citations to the record, a statement of place of preserving or raising issues, includes argument and scurrilous attacks on the victims, and does not include a non-biased narrative statement of the underlying facts.[5] Mondry's summary of the argument is not an accurate summary of her argument.[6] Critically, Mondry, contrary to our rules, views the facts in the light most favorable to her, fails to apply what little law she cites to the facts of the case, does not include a statement of place of raising or preservation of issues, and her brief is generally unintelligible.[7] **See** Mondry's Brief at 10-16.

Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure ("Pa.R.A.P."), and this Court may dismiss an appeal if the defects in the brief are substantial. **See Gould v. Wagner**, 316 A.3d 634, 638-39 (Pa. Super. 2024). It is an appellant's duty to present arguments that are sufficiently developed for our review. **See**

_____

[3] **See** Pa.R.A.P. 2114.

[4] **See Bhatia v. Fernandez**, 319 A.3d 517, 520 (Pa. Super. 2024) (citing the correct scope and standard of review for appeals from PFA orders).

[5] **See** Pa.R.A.P. 2117(a)(4), (b), (c).

[6] **See** Pa.R.A.P. 2118.

[7] **See** Pa.R.A.P. 2119.

*Chavers v. 1605 Valley Center Pky, LP*, 294 A.2d 487, 504 (Pa. Super. 2023). This Court will not comb the record for facts in support of an appellant's claim and will not develop arguments on her behalf. *See Keller v. Mey*, 67 A.3d 1, 7 (Pa. Super. 2013). If a deficient brief hinders this Court's ability to address any issue on review, the issue will be regarded as waived. *See Gould*, 316 A.3d at 639. Moreover,

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [she] lacks legal training. . . . [A]ny layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.

*Elliot-Greenleaf, P.C. v. Rothstein*, 255 A.3d 539, 542 (Pa. Super. 2021) (citations and internal quotation marks omitted).

Mondry's failure to conform with our appellate rules compels the dismissal of the appeal. *See* Pa.R.A.P. 2101 (providing that "if the defects . . . in the brief . . . are substantial, the appeal . . . may be . . . dismissed"); *accord Gould*, 316 A.3d at 638-39.[8]

---

[8] We note Mondry's second, third, fourth, and sixth issues are waived because she failed to raise them at the trial court, raising them for the first time in her Rule 1925(b) statement. *See Cabot Oil and Gas Corp. v. Speer*, 241 A.3d 1191, 1196 (Pa. Super. 2020) (recognizing an issue cannot be raised for the first time in a Rule 1925(b) statement); *Lockley v. CSX Transp., Inc.*, 66 A.3d 322, 325 (Pa. Super. 2013) ("It is axiomatic that [i]n order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver

*(Footnote Continued Next Page)*

Appeal dismissed.  Case stricken from argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/16/2025

---

of that issue.") (citation and internal quotation marks omitted).  New legal theories may not be raised for the first time on appeal.  Pa.R.A.P. 302(a).

Mondry's remaining two claims concerning the admission of documentary evidence, and not being allowed to "clear up" a mistake in her testimony are undeveloped, vague, and belied by the record.