J-A27027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAVID THURSTON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASANYA WATSON | : | No. 782 MDA 2024 |

Appeal from the Order Entered May 6, 2024
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2015-01753

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM PER CURIAM:                    **FILED FEBRUARY 03, 2025**

David Thurston ("Father") appeals *pro se* from the order modifying custody and denying his petition for special relief, motion for recusal, and motion for contempt. We dismiss the appeal.

Father and Asanya Watson ("Mother") are parents of S.T. ("Child"), born in 2013. S.T. is autistic and non-verbal. **See** Father's Br. at 191. Father filed for custody in 2015, and by agreement, Mother received primary physical custody of Child. Father exercised partial custody.

Since then, the parties have filed multiple petitions for modification and contempt. The following petitions and orders are relevant here. The court modified custody by agreement of the parties in March 2019 and ordered shared legal and physical custody. Each party had 50% physical custody. Approximately a year and nine months later, in December 2020, the court

again modified custody by ordering that Child's maternal aunt was not to be with Child without supervision.

Mother filed petitions for modification of custody in September 2022 and July 2023.[1] The court held a bifurcated two-day custody trial on Mother's petitions in October 2023 and March 2024.

Meanwhile, Father filed a petition for contempt in August 2023. The court held a hearing on Father's contempt petition in October 2023, but did not decide the petition at that time.

The court entered an interim order, in March 2024, awarding Mother sole physical and legal custody of Child "while Mother's concerns regarding [Child] being sexually abused are investigated by Mother." Order, 3/14/24, at 1, ¶ 1. The order directed that Child was to "undergo a medical examination seeking a determination on whether or not the child is being or has been sexually abused," including "a rape analysis kit and an adolescent gynecological exam[.]" *Id.* at 1, ¶ 3. The court ordered Mother to provide the results of the medical examination to the court, and the order stated, "A Custody Review Hearing will be scheduled[.]" *Id.* at 2, ¶ 11.

In April 2024, Father filed a motion for reconsideration of the interim order, a petition for special relief, and a motion for recusal. The court held a

_____

[1] Mother also filed petitions for contempt in April 2023 and July 2023. The court held a hearing on Mother's contempt petitions in July 2023 and found Father in contempt. We quashed Father's appeal from that order. *See* ***Thurston v. Watson***, No. 1146 MDA 2023 (Pa.Super. filed Sept. 26, 2023) (*per curiam* order).

hearing on the petition for special relief and motion for recusal on April 15, 2024.

On May 6, 2024,[2] the court entered an order denying Father's petition for contempt, petition for special relief, motion for recusal, and motion for reconsideration. The order also reviewed the statutory custody factors under 23 Pa.C.S.A. § 5328, and modified custody. It awarded Mother sole legal custody of Child and primary physical custody. It awarded Father the right to access Child's medical and educational information and awarded Father professionally supervised visitation with Child once per week. The order also instructed Father to undergo a psychological evaluation within 90 days. The order directed the psychological evaluator to deliver a report to the parties and court within 14 days of completion and stated that the evaluator would thereafter "be subject to cross examination." Order, 5/6/24, at ¶ 24.

Father appealed.[3] The Pa.R.A.P. 1925(b) statement of errors Father submitted to the trial court was eight pages long, listed seven issues – many spanning several paragraphs – and included a two-page "conclusion" alleging "[c]orruption within state courts and agencies[.]" Concise Statement of

---

[2] The order was filed on May 3, but Rule 236 notice was provided on May 6.

[3] This Court issued a rule to show cause directing Father to establish "the finality or appealability" of the May 6 order. Order, filed 7/1/24. After considering Father's response, we issued a *per curiam* order discharging the rule. We discontinued the appeal insofar as Father appealed from the denial of his motion for reconsideration. *See **Blackburn v. King Inv. Group, LLC**, 162 A.3d 461, 464 n.5 (Pa.Super. 2017) (stating an order denying a motion for reconsideration is generally not appealable).

Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b). The trial court found the statement was not concise, and that the first paragraph contained "a conglomeration of conclusions." Trial Court Opinion, 6/26/24, at 17. The court explained that the Rule 1925(b) statement referred to violations of orders without identifying the order allegedly violated or explaining the nature of the violation, and asserted that Mother had lied, submitted false statements and reports, acted in bad faith, and committed abandonment and conspiracy, without specifying the alleged lies, false statements and reports, and acts of bad faith, abandonment, and conspiracy. *Id.* at 18.[4]

Father's Rule 1925(b) statement was insufficiently specific to preserve issues for appeal. "[A] Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Karn v. Quick & Reilly Inc.*, 912 A.2d 329, 335 (Pa.Super. 2006) (citation omitted). Here, Father's statement failed to apprise the trial court of the issues he intended to raise with sufficient clarity to enable the trial court to confidently identify them. Father has waived his issues through his deficient Rule 1925(b) statement.

Father has further waived any issues on appeal by filing a defective brief that impedes our ability to conduct appellate review. "Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate

---

[4] Nonetheless, the court attempted to glean Father's issues from the statement and addressed the issues it found. We perceive no abuse of discretion or error of law in the trial court's treatment of the issues it discerned.

Procedure, and this Court may [quash or] dismiss an appeal if the defects in the brief are substantial." **Gould v. Wagner**, 316 A.3d 634, 638-39 (Pa.Super. 2024). We cannot develop arguments on behalf of parties, even those who represent themselves. **Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa.Super. 2017). "If a deficient brief hinders this Court's ability to address any issue on review, the issue will be regarded as waived." **Gould**, 316 A.3d at 639.

Father's brief deviates substantially from the Rules of Appellate Procedure. It does not have a statement of questions presented, which serves to define the issues for appellate review. **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"). Nor does it include a statement of the case or summary of the argument. **See** Pa.R.A.P. 2117, 2118.

The brief does include a table of contents. However, the titles of the sections state generalized issues that overlap:

1. Jurisdiction
   - Overview of UCCJEA
   - Case Study: Halland v. Brackeen
   - Due Process Violations
   - Emergency Relief Mechanisms
   - Modification and Enforcement of Custody Orders
2. Introduction
   - Overview of Appellant's Concerns
   - Judicial Conduct Violations

- Ethical Standards for Judges

3. Subjecting a Child with a Disability to a Second Forensic Medical Examination

- Details of the Second Medical Examination

- Discrepancies in Court Orders

- Impact on Due Process Rights

4. Legal Concerns in Judicial Decision-Making and Child Welfare Procedures

- Due Process Concerns

- Transparency in Judicial Decisions

- Ethical and Legal Considerations in Medical Procedures

5. Addressing the unlawful deprivation of rights regarding the appellant's minor child, resulting from the consequent infringement of the appellant's constitutionally protected rights

- Overview of Relevant Acts

- Importance of Reporting Child Abuse

6.a. The trial court erred by taking improper judicial notice of adjudicative facts from prior proceedings between the parties

7. Trial Court Mischaracterized Statements and Made False Claims

- Summary of Trial Court Errors

- Implications for Child Welfare

- Relevant Case Law and Legal Standards

8. Conclusion

- Summary of Findings

- Recommendations for Judicial Review and Child Protection

**See** Father's Br. at 1-4 (page numbers omitted, some capitalization omitted).

To compound the problem, the argument section of Father's Brief is not organized according to the table of contents. **See** Pa.R.A.P. 2119(a) (stating the argument shall be divided according to the questions presented). Father additionally fails to state where he preserved his issues in the trial court. **See** Pa.R.A.P. 2119(e). Moreover, while Father cites various precedents and quotes passages of testimony at length, he fails to apply precedents to the facts of the case in a cogent way. In sum, Father's brief, which is 212 pages long,[5] is deficient to such an extent that he has waived all issues.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/03/2025

---

[5] The brief lacks a certification that the brief does not exceed 14,000 words, as is required of any brief over 30 pages. **See** Pa.R.A.P. 2135(a)(1), (d).