J-S10033-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOVANA A. LAWRENCE | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS DONSHAY SMITH | : | |
| | : | |
| Appellant | : | No. 1331 MDA 2025 |
| | : | |

Appeal from the Order Entered September 4, 2025
In the Court of Common Pleas of Lancaster County Domestic Relations
at No: 2024-01964, PACSES No: 584116268

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: APRIL 9, 2026**

Marcus Donshay Smith (Appellant) appeals *pro se* from the child support order entered on September 4, 2025.  Due to the substantial defects in Appellant's brief which impede appellate review, we dismiss this appeal.

For context, we note that on December 16, 2024, Jovana A. Lawrence filed a complaint for support of the parties' minor child.  On January 23, 2025, the trial court ordered Appellant to pay child support of $399.87 per month.  Appellant subsequently filed a variety of pleadings challenging the January 23, 2025 order.  On September 4, 2025, the trial court entered the order at issue in this appeal.  The order states:

> After a hearing held on August 26, 2025, and having resolved all issues of credibility, the demand for a hearing filed by [Appellant] on July 18, 2025 is dismissed.

The evidence presented demonstrates that [Appellant] is employable and has been for the time period affected by the original Order of January 23, 2025. Additionally, [Appellant's] argument that the original Order was issued in error due to his inability to work was previously litigated and was upheld by the [trial c]ourt through the order entered following an appeal hearing in March 2025.

Therefore, the Recommended Order dated July 10, 2025, is vacated and the order dated January 23, 2025 is reinstated in all aspects and particulars.

Order, 9/4/25.

Appellant filed this timely appeal. By order entered September 26, 2025, the trial court directed Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b). Appellant did not file a concise statement. Consequently, the trial court issued a short opinion which cited case law in support of waiver and "f[ou]nd Appellant's issue(s) to be meritless." Trial Court Opinion, 10/27/25, at 2.[1]

_____

[1] Unlike the trial court, we decline to find waiver based on Appellant's failure to file a concise statement. Generally, the failure to file a court-ordered concise statement will result in waiver of appellate issues. *See* Pa.R.A.P. 1925(b)(4)(vii). "However, it is well-settled that waiver will not attach if the court's Rule [1925(b)] order did not strictly comply with the mandates of the rule[.]" *Commonwealth v. Pridgen*, 305 A.3d 97, 101 n.4 (Pa. Super. 2023) (citation omitted). Here, the trial court's order directed Appellant to file a concise statement "within 21 days of the issuance of this Order, by October 16, 2025," contrary to Rule 1925(b)(2)(i), which states that "[t]he judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement." The trial court's order was entered on September 26, 2025, such that the trial court provided only 20 days between September 26, 2025 and October 16, 2025, rather than the requisite 21 days. *See, e.g., Commonwealth v. Stroud*, 298 A.3d 1152, 1156–57 (Pa. Super. 2023) (noting that order directing filing of a Rule 1925(b) statement was unenforceable because it did not strictly comply with Rule 1925(b)).

In his brief, Appellant presents the following four issues:

1. Whether the trial court violated Appellant's procedural due process rights under the Fourteenth Amendment and Pa. Const. art. I § 11 by issuing contradictory orders, imposing obligations impossible to comply with, and refusing to consider medical evidence.

2. Whether the court erred and abused its discretion by denying ADA Title II and RA § 504 accommodations despite medically documented disability and federal statutory requirements.

3. Whether the court committed reversible error by dismissing the appeal as "meritless" and finding waiver when the issues were properly preserved.

4. Whether repeated DRS enforcement, contradictory "do not appear" vs. "mandatory appearance" notices, and contempt threats constituted arbitrary, capricious, and discriminatory action.

Appellant's Brief at 3 (unnumbered).

As stated above, Appellant's brief contains substantial defects. Appellant fails to adhere to Pa.R.A.P. 2111 (enumerating briefing requirements) and Pa.R.A.P. 2119 (setting forth requirements for the argument section of the brief). For example, Appellant's brief lacks a caption, appeal number, and page numbers, and Appellant fails to include the order in question or a statement of the standard and scope of review. In his summary of the argument, Appellant states:

The trial court's actions violated federal disability law, state disability law, due process principles, and appellate preservation rules. The record shows clear medical impossibility, contradictory orders, and refusal to consider essential evidence. Under *Tennessee v. Lane*, 541 U.S. 509 (2004), courts must provide meaningful access to justice for disabled litigants. Under *Mathews v. Eldridge*, [424 U.S. 319 (1976)] procedural fairness is mandatory.

Appellant's Brief at 5. Appellant divides his argument into five sections, although he raises four issues in his statement of questions. *Id.* at 6-10. Most significantly, the argument in each of the five sections is undeveloped and contains no more than three conclusory sentences. *Id.*

> We have explained:
>
> When an appellant fails to properly raise and develop issues in briefs with arguments that are sufficiently developed for our review, we may dismiss the appeal or find certain issues waived.
>
> It is not this Court's role to develop an appellant's argument where the brief provides mere cursory legal discussion.

*Kaur v. Singh*, 259 A.3d 505, 511 (Pa. Super. 2021) (citations and quotation marks omitted). "Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may dismiss an appeal if the defects in the brief are substantial." *Gould v. Wagner*, 316 A.3d 634, 638–39 (Pa. Super. 2024) (citations omitted); Pa.R.A.P. 2101 (providing for dismissal of appeal).

In sum, we dismiss this appeal because the defects in Appellant's brief preclude meaningful appellate review.[2]

Appeal dismissed.

---

[2] We recognize Appellant is *pro se.* While this Court is "willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit." *Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018). A person who represents himself "must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Id.*

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/09/2026