J-A24031-23

2024 PA Super 258

| | | |
|---|---|---|
| MARIA ESTHER ARREGUIN AND P.A.B., A MINOR BY PARENTS AND NATURAL GUARDIANS MARIA ESTHER ARREGUIN AND GAMALIEL ARREGUIN RUIZ AND J.A.B., MINOR BY PARENTS AND NATURAL GUARDIANS MARIA ESTHER ARREGUIN AND  GAMALIEL ARREGUIN RUIZ AND MARIA ESTHER ARREGUIN AND GAMALIEL ARREGUIN RUIZ (H/W) AND GAMALIEL ARREGUIN RUIZ | : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : : : | |
| | : | |
| CHARLES KINSING | : : : | No. 889 EDA 2023 |
| | : | |
| APPEAL OF: P.A.B., A MINOR, BY MARIA ESTHER ARREGUIN, PARENT AND NATURAL GUARDIAN | : : : : : : | |

Appeal from the Judgment Entered May 18, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  160701153

BEFORE:  STABILE, J., DUBOW, J., and SULLIVAN, J.

OPINION BY SULLIVAN, J.:                    **FILED NOVEMBER 5, 2024**

In this matter of first impression, Maria Esther Arreguin ("Arreguin"), on behalf of her minor child, P.A.B. ("Son"), appeals from the entry of judgment after a non-jury trial in her successful personal injury action against Charles Kinsing ("Appellee").  Specifically,  Arreguin challenges the trial court's denial of her motion for delay damages.  Upon careful consideration, we affirm.

Because of the nature of the instant appeal, a detailed recitation of the underlying facts and procedural history is unnecessary. However, we briefly note, in July 2015, Arreguin was driving a car which Appellee, who was severely intoxicated, rear-ended. The police arrested Appellee for driving under the influence four times within a six-week period; this collision caused the third arrest.[1] Appellee's rear-ending of Arreguin's car caused a chain-reaction collision in which six people sustained injuries. Son, who was then ten years old, endured severe facial injuries necessitating multiple surgeries and causing permanent scarring.

Arreguin filed the instant personal injury action. Following a January 2023, non-jury trial, the trial court found in favor of Arreguin and awarded $4,111,746.38 in damages. Arreguin filed a timely motion for delay damages, which the trial court denied. The instant, timely appeal followed.[2]

On appeal, Arreguin raises the following questions for our review:

1. Whether the [trial] court committed a reversible error and abused its discretion in denying [Arreguin's Pennsylvania Rule of Civil Procedure] Rule 238 motion for delay damages . . . through its misinterpretation of [Pa.R.Civ.P.] 238(c)?

2. Whether the [trial] court committed a reversible error and abused its discretion in relying upon *Dietz v. AVCO Corp.*, 279 A.3d 1288 (Pa. Super. 2022) (unpublished memorandum), [to] support its decision?

---

[1] The Commonwealth charged Appellee with driving under the influence and related offenses, and Appellee spent several years in state prison during the pendency of the instant proceedings.

[2] Arreguin and the trial court complied with Pa.R.A.P. 1925.

> 3. Whether the [trial] court erred in dismissing [Arreguin's] claim for delay damages where the [trial court and appellate courts] have refused similar penalties?

Arreguin's Brief at 4 (capitalization, punctuation, and citation formats standardized).[3]

Although Arreguin purports to raise three issues on appeal, her issues are more properly analyzed as alternative phrasings of a single issue, whether the trial court erred in denying her motion for delay damages.

> Our standard of review concerning a motion for delay damages under Rule 238 is whether the court committed an abuse of discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

**Spencer v. Johnson**, 249 A.3d 529, 561 (Pa. Super. 2021) (citations and quotation marks omitted).

Resolution of the issues raised herein requires us to interpret the Pennsylvania Rules of Civil Procedure. The interpretation of our procedural rules presents a pure question of law for which our standard of review is *de novo* and our scope of review is plenary. **See Getting v. Mark Sales &**

---

[3] Although Arreguin purports to raise three issues for our review, her argument is divided into five subsections. We remind Arreguin "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

*Leasing, Inc.*, 274 A.3d 1251, 1261 (Pa. Super. 2022). "The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court." Pa.R.J.A. 108(a).[4] In so doing, "[t]he rules shall be liberally applied to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantive rights of the parties." Pa.R.Civ.P. 126.[5]

Statutory construction is not required for unambiguous language, only where ambiguity exists. Thus,

> we construe every rule, if possible, to give effect to all of its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. It is only when the words of a rule are not explicit that we may ascertain the intent by reference to other matters . . . . As we have explained in the context of statutory construction, ambiguity occurs when there are at least two reasonable interpretations of the text. When we are construing and giving effect to the text, we should not interpret statutory words in isolation, but must read them with reference to the context in which they appear.

---

[4] Pennsylvania Rule of Judicial Administration 108, effective January 1, 2024, replaced Pa.R.Civ.P. 127. It is settled law that changes in law are applied retroactively to cases pending on appeal. *See Christy v. Cranberry Volunteer Ambulance Corps, Inc.*, 856 A.2d 43, 51 (Pa. 2004).

[5] The language of Pennsylvania Rule of Civil Procedure 126 was amended effective January 1, 2024. Again, we apply the current version of the Rule. *See id*.

J-A24031-23

***HTR Restaurants, Inc. v. Erie Ins. Exchange***, 307 A.3d 49, 58 (Pa. 2023)

(internal quotation marks and footnotes omitted).

Pa.R.Civ.P. 238 provides:

(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury . . . damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury . . ..

(2) Damages for delay shall be awarded for the period of time from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision.

\* \* \* \* \*

(c) Not later than ten days after the verdict or notice of the decision, the plaintiff may file a written motion requesting damages for delay and setting forth the computation. ***The motion shall begin with the following notice***:

**NOTICE**

You are hereby notified to file a written answer to the attached motion for delay damages within twenty days from the filing of the motion or the delay damages sought in the motion may be added to the verdict or decision against you.

Pa.R.Civ.P. 238(a)(1)-(2) and (c) (emphasis added).

Arreguin first contends in the denying of her motion, the trial court "ignored the true purpose" of Rule 238, ***i.e.***, to improve the flow of cases in the trial courts and encourage defendants to settle meritorious cases. ***See*** Arreguin's Brief at 11-13. She opines the legislature "never intended Rule 238(c) to act as a preclusion to [p]laintiffs who fail to attach the notice. The

- 5 -

[r]ule was written to protect [d]efendants from [p]laintiffs who take action and have not given notice." ***See id***. at 14.

The trial court disagreed, explaining it:

> properly interpreted Pa.R.Civ.P. 238(c) and denied [Arreguin's] motion for delay damages because it did not comply with the strict, unambiguous language of [the rule], due to the required notice not appearing in the beginning of the motion. The language of Pa.R.Civ.P. 238(c) is clear and free from ambiguity when it reads, "The motion ***shall begin*** with the following notice . . .." Pursuant to Pa.R.Civ.P. 127(b), the letter of Pa.R.Civ.P. 238(c) is not to be disregarded in the presence of such unambiguous language . . .

Trial Court Opinion, 6/15/23, at 4 (emphasis added, record citation omitted, capitalization and citation formats standardized).

Having thoroughly reviewed the law and the record, we find no error in the trial court's ruling. As cited above, Rule 238(c) unambiguously states to obtain delay damages a prevailing plaintiff must file a motion and "[t]he motion ***shall begin*** with the following notice." Pa.R.Civ.P. 238(c) (emphasis added). The rule then includes the exact language and form of the notice. ***See id***.

Our Supreme Court has stated, "By definition, 'shall' is mandatory." ***Oberneder v. Link Computer Corp.***, 696 A.2d 148, 150 (Pa. 1997). ***See also Coretsky v. Bd. of Com'rs of Butler Tp***., 555 A.2d 72, 74 (Pa. 1982) (holding the use of the word "shall" in a statute is mandatory, clear, and unambiguous).

Arreguin does not dispute she failed to attach the rule-mandated notice and does not argue the word "shall" is ambiguous. *See* Arreguin's Brief at 11-16. Rather, she contends we should disregard the plain language of the Rule and look to the Supreme Court's intent in enacting it. *See id*. She maintains the purpose of the Rule is to protect defendants from plaintiffs who seek delay damages without giving notice but simultaneously assigns error to the denial of a motion that fails to include the required notice. *See id*. at 14.

It is long settled the "touchstone" of statutory, or in this case rule, interpretation is "where a [rule] is unambiguous, the judiciary may not ignore the plain language under the pretext of pursuing its spirit[.]" *Grossi v. Travelers Personal Ins. Co.*, 79 A.3d 1141, 1161 (Pa. Super. 2013) (citations and internal quotation marks omitted). Here, for us to reach the issue of the Supreme Court's intent in promulgating Rule 238(c), we would have to first conclude the rule bears two reasonable interpretations. It does not. The only reasonable construction of "shall" in Rule 238(c) is that to seek delay damages, a litigant must file a motion which begins with the required notice.

Moreover, while our Courts have not addressed whether the inclusion of the notice to defend is mandatory in the context of Pa.R.Civ.P. 238(c), we have addressed the issue in the context of analogous rules. In a recent decision, *Gould v. Wagner*, 316 A.3d 634 (Pa. Super. 2024), this Court construed whether a generic notice to plead could act as a substitute for the

very specific notice to defend required by Pa.R.Civ.P. 3279(a) and 3282(b), which concern the commencement of proceedings under the Deficiency Judgment Act ("DJA"). ***See Gould***, 316 A.2d at 638. Rule 3279(a) provides proceedings under the DJA are commenced by "filing a petition ***which shall begin*** with the notice to defend and set forth the averments required by Rule 3282 or Rule 3288." Pa.R.Civ.P. 3279(a) (emphasis added). Rule 3282(b) provides in pertinent part, "The petition ***shall begin*** with a notice to defend substantially in the following form[.]" Pa.R.Civ.P. 3282(b). We concluded the use of "shall" in the rules was mandatory and unambiguous. ***See Gould***, 316 A.3d at 641. Thus, we held the failure to attach a notice to defend that did not substantially comply with Pa.R.Civ.P. 3279(a) and 3282(b) constituted a facial and fatal defect in the pleading. ***See id***. at 644-45.

Similarly, this Court has held that failure to comply with Pa.R.Civ.P. 1018.1, which provides "[e]very complaint filed by a plaintiff and every complaint filed by a defendant against an additional defendant ***shall begin with a notice to defend*** in substantially the form set forth in subdivision (b)" (emphasis added), constitutes a facial defect in the pleadings to which the defendant is not required to respond. ***See Mother's Rest., Inc. v. Krystkiewicz***, 861 A.2d 327, 337-38 (Pa. Super. 2004); ***Lewandowski v. Crawford***, 222 A.2d 601, 601 (Pa. Super. 1966) ("[f]ailure to endorse a pleading with notice to answer relieves the opposite party of the obligation to

file a responsive pleading, and in consequence, no default judgment can be entered against him").

The dissent takes issue with this interpretation, arguing it disregards the mandatory nature of delay damages. **See** Dissent at 2-5. However, the dissent fails to read the statute as a whole; instead, it focuses solely on Section 238(a) and its mandatory language, and the dissent's narrow reading renders Section 238(c) superfluous. **See id**.

The principles of statutory construction require us to construe every statute "if possible, to give effect to **all** of its provisions." 1 Pa.C.S.A. § 1921(a) (emphasis added). Thus, we may not "ignore the language of a statute, nor may we deem any language to be superfluous." **Bd. of Revision of Taxes, City of Philadelphia v. City of Philadelphia**, 4 A.3d 610, 622 (Pa. 2010); **see also** 1 Pa.C.S. § 1922(2). As this Court has stated:

> [o]ur rules of statutory construction, however, do not permit us to invalidate a clearly expressed requirement in this manner, [we cannot] disregard [one section on a rule's] directive [when it] may be read in harmony with [another section's directive]. **See**, **e.g**., **Commonwealth v. Office of Open Records**, 103 A.3d 1276, 1287–88 (Pa. 2014) (declining to construe one provision to nullify immediately preceding provision when rules of statutory construction require reading provisions in harmony where both can be made to stand together).

**Miller v. St. Luke's University Health Network**, 142 A.3d 884, 893-94 (Pa. Super. 2016) (citation format regularized).

We read the statute harmoniously, thus the filing of a proper motion for delay damages includes the mandatory notice required by Pa.R.Civ.P. 238(c),

it is only at that point that Pa.R.Civ.P. 238(a)(1) is triggered. This reading is in accordance with proper principles of statutory construction and gives effect to all provisions of the rule. **See** 1 Pa.C.S.A. § 1921(a); **Bd. of Revision of Taxes**, 4 A.3d at 622; **Miller**, 142 A.3d 893-94.[6]

Thus, we conclude Arreguin's failure to include the required notice with her motion for delay damages constituted a facial defect in the pleadings and the trial court did not err in denying the motion. **See Gould**, **supra**; **Mother's Rest., supra**. Arreguin's first issue does not merit relief.

Arreguin next maintains the trial court improperly relied on **Dietz**, 279 A.3d 1288. **See** Arreguin's Brief at 17-19.[7] Arreguin argues that because

_____

[6] We do not disagree that the result in this case is a harsh one. However, the inclusion of a notice to defend is required under the rule and not an onerous requirement. The language of the rule is clear and mandatory, the principles of statutory construction require us to "give effect to all of its provisions". Thus, under the law Pa.R.Civ.P. 238(c) cannot be rendered superfluous. It is not this Court's role to disregard the plain meaning of the rule under the guise of pursuing its spirit. **See City of Johnstown v. Worker's Compensation Appeals Board**, 255 A.3d 214, 220 (Pa. 2021) (addressing statutory interpretation). The remedy for any perceived harshness does not lie with this Court, which as an intermediate appellate court, does not have the prerogative to "enunciate new precepts of law or expand existing legal doctrines." **N.W.M. and E.M. v. Langenbach**, 216 A.3d 7, 21-22 (Pa. 2024) (citations omitted); **Commonwealth v. Fuentes**, 272 A.3d 511, 521 (Pa. Super. 2022) (same).

[7] Dietz filed a motion for delay damages that did not include the required notice to defend. **See Dietz**, 279 A.3d 1288 at *13. However, during the pendency of the motion, one of the defendants filed a premature appeal, thus depriving the trial court of jurisdiction over the motion for delay damages. **See id**. The trial court dismissed the motion for delay damages without prejudice. **See id**. Following the dismissal of the premature appeal, Dietz
*(Footnote Continued Next Page)*

- 10 -

*Dietz* was non-precedential, it cannot be cited as persuasive authority. *See id*. The trial court did not err in considering *Dietz*. *See* Pa.R.A.P. 126(b) (permitting consideration of non-published cases decided after May 1, 2019, for their persuasive value). Moreover, the trial court explained it found *Dietz* instructive but distinguishable because the trial court there lost jurisdiction to find the absence of the notice dispositive and the plaintiff thereafter filed the mandatory notice Arreguin never filed. *See* Trial Court Opinion, 6/15/23, at 4-5. Arreguin's second issue did not merit relief.

In her final issue, Arreguin maintains the "penalty of dismissal" was overly harsh, and courts have refused to sanction parties so harshly in "similar situations."[8] Arreguin's Brief at 19. In essence, Arreguin's argument is that we should excuse her noncompliance with Pa.R.Civ.P. 238(c). *See id*.

We must first examine whether Arreguin preserved this issue. *See*, *e.g.*, *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007) (explaining "[t]he fact [a]ppellants filed a timely [court-ordered] Pa.R.A.P. 1925(b) statement does not automatically equate with issue preservation."). As this

_____

refiled the motion and included the required notice. *See id*. The trial court granted the motion. *See id*. On appeal, while specifically noting the original motion did not comply with Pa.R.Civ.P. 238, the Court held because it had been dismissed without prejudice, nothing prevented Dietz from refiling a corrected notice. *See id*. *Deitz* accordingly holds nothing more than where a plaintiff filed a correct notice, delay damages were not precluded.

[8] We disagree with Arreguin's characterization of the trial court's actions. The trial court did not void the judgment or overturn the favorable verdict in this action, it simply denied a motion which contained a facial defect.

- 11 -

Court has held, ***"[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."*** Pa.R.A.P. 1925(b)(4)(vii). [***Commonwealth v.***] ***Lord***[, 719 A.2d 306 (Pa. 1998)] operates as a bright-line rule, such that 'failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in ***automatic waiver*** of the issues raised.'" ***U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua***, 193 A.3d 994, 996-97 (Pa. Super. 2018) (some citations omitted, emphasis added); ***see also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) ("it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.").

> In addition,
>
> Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. This Court has further explained that a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no concise statement at all.

***Tucker***, 939 A.2d at 346 (capitalization standardized, quotation marks and citations omitted).

Although Arreguin filed a Rule 1925(b) statement, she never claimed the trial court imposed a disproportionate penalty by denying delay damages

because Arreguin failed to provide the mandated notice.[9]  **See** Arreguin's

Brief, at 19-23; Statement of Matters Complained of on Appeal, 4/27/23, at

1-2.  The trial court did not address this issue in its opinion.[10]  **See generally**,

Trial Court Opinion, 6/15/23, at 5-6.  Accordingly, Arreguin waived her final

issue.[11]

---

[9] Instead Arreguin raised an entirely different issue, not raised in her brief on appeal, claiming the trial court erred in denying her motion for delay damages because Appellee never made any pre-trial settlement offers and was not prejudiced by the failure to include the required notice.  **See** Statement of Matters Complained of on Appeal, 4/27/23, at 2.

[10] The purpose of a Rule 1925(b) statement is to afford the trial court the opportunity to explain its ruling and correct any error.  **See Tucker**, 939 A.2d at 346.

[11] In any event, the claim would not merit relief.  We are not persuaded the instances Arreguin cites in which a defect is excused are similar circumstances.  Those cases involve: (1) discovery disputes; (2) defects in a divorce complaint; and a (3) 1977 Court of Common Pleas decision regarding a deficient motion to strike.  Moreover, as we discussed in **Gould**, there is a difference between a minor procedural misstep and a party's failure to substantially comply with the Rules of Civil Procedure.  **See Gould**, 2024 WL 2143776, at *7.  Here Arreguin did not include **any notice**.  Appellee clearly pointed out this deficiency in its response, filed less than twenty days after Arreguin filed her motion for delay damages.  **See** Appellee's Response in Opposition, 2/18/23, at 1-2.  Despite being put on notice of the deficiency, Arreguin does not point to, and we have been unable to locate, any place in the record, wherein Arreguin sought to amend or refile the motion to correct the deficiency.  Thus, we cannot agree with Arreguin that this was a minor mistake, or that the trial court erred in denying her motion.  **See Gould**, **supra** at *7; **see also Home Sav. and Loan Co. of Youngstown, Ohio v. Irongate Ventures**, 19 A.3d 1074, 1080 (Pa. Super. 2011) (holding the trial court did not err in declining to transfer a timely, but incorrectly filed, petition where the petition ignored mandatory, statutory language regarding the filing of the petition, which resulted in the termination of the action).

Because we agree with the trial court that Arreguin filed a fatally deficient motion for delay damages, we affirm.

Order affirmed.

Judge Dubow joins this opinion.

Judge Stabile files a dissenting opinion.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/5/2024