J-A24031-23

2024 PA Super 258

| | | |
|---|---|---|
| MARIA ESTHER ARREGUIN AND P.A.B., A MINOR BY PARENTS AND NATURAL GUARDIANS MARIA ESTHER ARREGUIN AND GAMALIEL ARREGUIN RUIZ AND J.A.B., MINOR BY PARENTS AND NATURAL GUARDIANS MARIA ESTHER ARREGUIN AND GAMALIEL ARREGUIN RUIZ AND MARIA ESTHER ARREGUIN AND GAMALIEL ARREGUIN RUIZ (H/W) AND GAMALIEL ARREGUIN RUIZ | : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br>No. 889 EDA 2023 |
| v. | : : : : | |
| CHARLES KINSING | : : : : : : | |
| APPEAL OF: P.A.B., A MINOR, BY MARIA ESTHER ARREGUIN, PARENT AND NATURAL GUARDIAN | : : : | |

Appeal from the Judgment Entered May 18, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 160701153

BEFORE: STABILE, J., DUBOW, J., and SULLIVAN, J.

DISSENTING OPINION BY STABILE, J.:          **FILED NOVEMBER 5, 2024**

The trial court denied delay damages based solely on the absence of the prescribed Pa.R.Civ.P. 238(c) notice in Appellant's motion. The Majority affirms, concluding that this procedural defect was fatal. For the following reasons, I respectfully dissent.

The Majority's result turns on the use of the word "shall" in Rule 238(c). The Majority is correct that the word "shall" denotes a mandatory action. For this reason, we cannot disregard that the word "shall" appears in other places in Rule 238. Most importantly, 238(a)(1) begins by mandating that the trial court award delay damages in response to the request of a plaintiff in a civil action:

> At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay **shall** be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. § 7361, and **shall** become part of the verdict, decision or award.

Pa.R.Civ.P. 238(a)(1)(emphasis added). Likewise, subsection 238(a)(2) provides that delay damages "shall" be calculated for a given period of time, and subsection 238(a)(3) provides that delay damages "shall" be calculated at the prime rate plus one percent. Pa.R.Civ.P. 238(a)(2), (3). Here, Appellant has made the request under Rule 238(a)(1), thus triggering the mandate for an award of delay damages as computed under subsections (a)(2) and (a)(3). The Majority effectively concludes, however, that the Appellant's request was a nullity because it did not include the notice required under of Rule 238(c). I find the Majority's conclusion problematic because the Majority never explains why all of the other mandates of Rule 238 can be disregarded if the plaintiff fails to provide notice under Rule 238(c).

In my view, the starting point for an analysis of Rule 238(c) is to recognize that it is silent on the penalty for noncompliance with the notice mandate. The Majority fails to do so. For this reason, the Majority's insistence on strict adherence to the clear language of the entirety of Rule 238 misses the point. The rule contains **no** language governing the question before us. And contrary to the Majority's opinion, my reading of the statute does not render Rule 238(c) superfluous. Rule 238(c) serves to ensure that the parties have a full and fair opportunity to litigate delay damages prior to entry of judgment. Nothing in my analysis would change that. On the other hand, as I have already mentioned, the Majority's result vitiates a clear mandate: "damages for delay **shall** be added to the amount of compensatory damages." Pa.R.Civ.P. 238(a)(1). Thus, I believe the analysis I offer here gives proper effect to the entirety of Rule 238.

Because of the Rule's silence on the issue before us, I believe any statutory construction analysis is incomplete without reference to certain other rules, beginning with Rule 126:

> The rules shall be liberally applied to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable. **The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantive rights of the parties.**

Pa.R.Civ.P. 126(a) (emphasis added). As I explain more fully below, I believe Rule 126(a) describes precisely what happened in this case: Appellant

- 3 -

committed a procedural error that did not affect the substantive rights of Appellee.

Further, Rule 126(b) directs us to apply Rules 104[1] to 115 of the Pennsylvania Rules of Judicial Administration. Pa.R.Civ.P. 126(b). Of particular importance here, given Rule 238(c)'s silence on the remedy for noncompliance, is Rule of Judicial Administration 108(c):

> (c) When the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters:
>
> (1) precedent of the Supreme Court interpreting the current rule;
>
> (2) the commentary accompanying the rule;
>
> (3) the rulemaking history;
>
> (4) other procedures governing the same or similar subjects;
>
> (5) the practice followed under the rule;
>
> (6) the consequences of a particular interpretation; and
>
> (7) the prior practice, if any, including other rules and Acts of Assembly, upon the same or similar subjects.

Pa.R.J.A. 108(c).

Pursuant to Rule 108(c)(2),[2] I begin with a review of the commentary accompanying Rule 238. The 1997 comment explains, with regard to Rule

---

[1] Rule of Judicial Administration 104 echoes Rule of Procedure 126. Pa.R.J.A. 104.

[2] There appears to be no Pennsylvania Supreme Court precedent on the issue before us.

238(c): "One court of common pleas has ruled that the entry of judgment under Rule 227.4 prior to the disposition of an unopposed motion for delay damages under Rule 238 precludes the award of such damages. This is a result that was not intended." Pa.R.Civ.P. 238, Explanatory Comment—1997. Thus, the notice requirement of Rule 238(c), in tandem with Rule 238(c)(3)(i), which forbids entry of judgment prior to a ruling on a pending motion for delay damages, was enacted to ensure that the moving party did not forfeit delay damages without a full and fair opportunity to litigate the issue prior to entry of judgment. In other words, the enactment of Rule 238(c)'s notice requirement was part of an effort to ensure substantive consideration of a pending motion for delay damages and prevent the movant from *forfeiting* delay damages because of a procedural irregularity. Yet in this case, where the parties have engaged in substantive litigation of the motion for delay damages, the Majority relies on the notice requirement to *prevent recovery* because of a procedural irregularity. The Majority's result flies in the face of the comment accompanying Rule 238.

Next, I turn to other similar procedures, in accord with Rule 108(c)(4). I agree with the Majority that that Rule of Civil Procedure 1018.1 is worthy of consideration here, but I disagree with the Majority's analysis. In the context of a civil complaint, Rule 1018.1 provides that every complaint "shall begin" with a notice to defend. Pa.R.Civ.P. 1018.1. But in that Rule, as in Rule 238, the Rule does not expressly define the penalty for lack of compliance

- 5 -

therewith. Our courts have held that in the case of noncompliance with Rule 1018.1, the filing party may not take a default judgment if the opposing party fails to respond. ***Mother's Restaurant v. Krystkiewicz***, 861 A.2d 327, 337-38 (Pa. Super. 2004). In ***Krystkiewicz***, this Court held that a default judgment taken after the plaintiff failed to include a notice to defend was void. ***Id.***

The voiding of a default judgment in some cases does not, however, mean that all parties who fail to comply with Rule 1018.1 are permanently deprived of relief in all cases. Rather, the Rules of Civil Procedure allow amendment of complaints by consent of the opposing party or with leave of court. Pa.R.Civ.P. 1033(a). "Leave to amend lies within the sound discretion of the trial court and the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party." ***Ritz v. Ramsay***, 305 A.3d 1056, 1063-64 (Pa. Super. 2023). Thus, while noncompliance with Rule 1018.1 precludes the entry of a default judgment, it need not and does not permanently and finally preclude relief to all parties in all cases.[3]

---

[3] In the recent case of ***Gould v. Wagner***, 316 A.3d 634 (Pa. Super. 2024), the trial court held that, because a petition to fix the fair market value of real property lacked the required notice, the filing party failed to comply with the applicable statute of limitations. ***Id.*** at 641. I do not dispute that a defective pleading may be fatal in some cases. As I explain in the main text, the law is clear that a defective pleading is not fatal in all cases. As ***Gould*** dealt with the application of a different statute under different circumstances, I do not believe it bears on the outcome here.

- 6 -

Likewise, Rule 1019 provides that "the material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.Civ.P. 1019(a) (emphasis added). Failure to adhere to this mandate may result in a successful preliminary objection, such as under Rule 1028(a)(3), for insufficient specificity in a pleading, or under Rule 1028(a)(4) for failure to state a claim upon which relief can be granted. But, again, a deficient pleading can be amended in appropriate cases. The filing party is not necessarily out of court.

Our discovery rules also contain mandates. Rule 4006 mandates that written interrogatories "shall be answered fully and completely unless objected to …." Pa.R.Civ.P. 4006(a)(2). Rule 4019 governs sanctions for noncompliance and provides the trial court with a range of options, including designating certain facts as established, forbidding a noncompliant party to support or oppose a claim or defense, holding a noncompliant party in contempt, or entering an appropriate order the trial court believes to be just. Pa.R.Civ.P. 4019(c). Thus, the nature of the remedy is within the trial court's discretion, and Rule 4019(c)(5) clothes the trial court with discretion to do whatever is just.

A trial court's discretion to do whatever is just leads me to Rule of Judicial Administration 108(c)(6), which I believe is similar to Rule 4019(c)(5) in that it requires consideration of the consequences of a particular interpretation. Pa.R.J.A. 108(c)(6). In other words, courts should consider

whether a particular interpretation of a rule will lead to unjust results. In applying Rule 108(c)(6), I am mindful of Rule of Civil Procedure 126, which, as explained above, permits courts to overlook procedural defects that have no substantive effect on the opposing party. The Majority's holding disregards this principle. Nothing in the express language of Rule 238 supports the Majority's conclusion, and Rule 126 militates against it. In the case before us, despite the lack of the prescribed notice, Appellee was aware of Appellant's motion for delay damages, filed a response, and opposed it during oral argument before the trial court. In other words, Appellee received notice and had a full and fair opportunity to litigate the issue. But rather than overlooking a procedural defect in light of these circumstances, the Majority relies on the lack of notice to preclude Appellant from recovering delay damages.

I believe the Majority's result is unjust, unwarranted by the text of Rule 238, in tension with Rules of Civil Procedure and Rules of Judicial Administration that govern our analysis here, and in tension with our treatment of other, similar rule-based mandates. I would vacate the judgment and remand for further consideration of Appellant's motion for delay damages.

I respectfully dissent.