J-S24031-23

2023 PA Super 160

| VICTOR TAYLOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM SMITH | : | No. 368 MDA 2023 |

Appeal from the Order Entered March 1, 2023
In the Court of Common Pleas of Lycoming County Civil Division at
No(s): FC-2021,20728-CU

BEFORE: BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED: SEPTEMBER 6, 2023**

Victor Taylor ("Father") appeals from the order dated and entered March 1, 2023, awarding shared legal and physical custody of K.J. ("Child"), a male child born in April of 2020, to him and Kareem Smith, the nonbiological father who stood *in loco parentis* to Child. After a careful review, we affirm.

Child was born to S.J. ("Mother"). At the time, Mother was in a relationship with Mr. Smith. Mr. Smith thought he was Child's father and raised Child with Mother until Mother's death in May of 2021. **See** N.T.,

---

[*] Former Justice specially assigned to the Superior Court.

2/7/23, at 79-82. Thereafter, on July 12, 2021, it was confirmed that Father is Child's biological father.[1] *See id.* at 12, 14.

On August 17, 2021, Father filed a complaint for custody against Mr. Smith seeking sole legal and physical custody of Child. Then, as set forth by the trial court,

> [o]n September 30, 2021, March 1, 2022, and April 26, 2022, the parties engaged in custody conferences to establish a plan to permit Father to be introduced into Child's life….Those conferences finally resulted in the [o]rder dated April 29, 2022, [("*interim* custody order")], which provided for shared legal custody and shared physical custody on a 50/50 basis.[2]

Trial Court Opinion, 3/7/23, at 1 (footnote added). Throughout these proceedings, Mr. Smith was found to be *in loco parentis* with respect to Child.[3]

*See id.*

---

[1] We glean from the record that Father sought court approval to perform a paternity test. Mr. Smith does not dispute Father's paternity. *See* N.T., 2/7/23, at 12.

[2] Specifically, the *interim* custody order, which was entered by agreement, provided for shared physical custody following a 2/2/5/5 schedule. Order, filed 4/29/22.

[3] In *K.W. v. S.L.*, 157 A.3d 498 (Pa.Super. 2017), this Court stated:
> "The term *in loco parentis* literally means 'in the place of a parent.'" *Peters v. Costello*, 586 Pa. 102, 891 A.2d 705, 710 (2005) (citing Black's Law Dictionary, 791 (7th Ed. 1991)). A person stands *in loco parentis* with respect to a child when he "assum[es] the obligations incident to the parental relationship without going through the formality of a legal adoption. The status of *in loco parentis* embodies two ideas; first, the assumption of a parental status, and, second, the discharge of parental duties." *Id.* (quoting *T.B. v. L.R.M.*, 567 Pa. 222, 786

*(Footnote Continued Next Page)*

The trial court conducted a hearing on February 7, 2023. Father and Mr. Smith each testified on their own behalf. In addition, Father presented the testimony of his live-in girlfriend, V.C., and Mr. Smith recalled Father as on cross-examination.[4, 5] Father reiterated his request for sole legal and physical custody. *See* N.T., 2/7/23, at 28, 35-36, 43. Mr. Smith, however, requested the trial court maintain shared legal and physical custody. *See id.* at 83, 99.

---

A.2d 913, 916–17 (2001)). Critical to our discussion here, "*in loco parentis* status cannot be achieved without the consent and knowledge of, and in disregard of[,] the wishes of a parent." *E.W. v. T.S.*, 916 A.2d 1197, 1205 (Pa.Super. 2007).

*K.W.*, 157 A.3d at 504-05 (citation omitted). Father does not challenge Mr. Smith's *in loco parentis* status.

[4] Father also marked and admitted two exhibits during this hearing, including a photograph of Child. *See* N.T., 2/7/23, at 17, 59-60. While not included with the certified record, we do not find this omission detrimental to our review. We, however, stress and remind counsel, "[an] [a]ppellant has the responsibility to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." *Commonwealth v. Wint*, 730 A.2d 965 (Pa.Super. 1999). *See* Pa.R.A.P. 1921 Note (stating, "Ultimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials.") (citation omitted)).

Further, despite references to the lack of notes of testimony for this hearing at the time of the submission of the briefs and reproduced record, we observe that notes of testimony were submitted as a supplement to the certified record and, therefore, available to this Court for review.

[5] Due to Child's young age, the trial court did not speak with Child. *See* N.T., 2/7/23, at 6.

By order dated and entered March 1, 2023, the trial court memorialized its findings and maintained the *interim* order awarding the parties shared legal and physical custody. On March 6, 2023, Father filed a timely notice of appeal, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). The trial court filed a Rule 1925(a) opinion on March 7, 2023.[6]

On appeal, Father raises the following sole issue for our review: "Whether the court erred in granting an [*in loco parentis*] party shared physical and legal custody of the child when the weight of the evidence presented was against a decision of that nature." Father's Brief at 4 (unnecessary capitalization omitted).

We review custody orders for an abuse of discretion. **See R.L. v. M.A.**, 209 A.3d 391, 395 (Pa.Super. 2019). We will not find such an abuse merely because we would have reached a different conclusion. **See id**. Rather, an abuse of discretion occurs only if the trial court overrode or misapplied the law in reaching its conclusion, or the record shows the trial court's judgment was manifestly unreasonable or the product of partiality, prejudice, bias, or ill will. **See id**.

---

[6] The trial court referenced its reasoning placed on the record at the conclusion of the hearing and discussed *infra*. **See** Trial Court Opinion, 3/7/23, at 2.

Moreover, our scope of review is broad. *See id*. Because this Court does not make independent factual determinations, however, we must accept findings of the trial court that are supported by competent evidence of record. *See S.C.B. v. J.S.B.*, 218 A.3d 905, 913 (Pa.Super. 2019). Importantly, we defer to the trial court on matters of credibility and weight of the evidence, as the trial court viewed and assessed witnesses firsthand. *See id*. We are not, however, bound by the trial court's deductions or inferences. *See id*. "Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court." *E.D. v. M.P.* 33 A.3d 73, 76 (Pa.Super. 2011) (quoting *A.D. v. M.A.B.*, 989 A.2d 32, 35–36 (Pa.Super. 2010)). As this Court has held, "[i]t is not this Court's function to determine whether the trial court reached the 'right' decision; rather, we must consider whether, 'based on the evidence presented, given [*sic*] due deference to the trial court's weight and credibility determinations,' the trial court erred or abused its discretion[.]" *King v. King*, 889 A.2d 630, 632 (Pa.Super. 2005) (quoting *Hanson v. Hanson*, 878 A.2d 127, 129 (Pa.Super. 2005)).

"When a trial court orders a form of custody, the best interest of the child is paramount." *S.W.D. v. S.A.R.*, 96 A.3d 396, 400 (Pa.Super. 2014). "The best-interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual,

moral and spiritual well-being." ***M.J.N. v. J.K.***, 169 A.3d 108, 112 (Pa.Super. 2017). To that end, the Child Custody Act sets forth sixteen factors that a court must consider before making any custody determination. ***See E.B. v. D.B.***, 209 A.3d 451, 460 (Pa.Super. 2019). "It is within the trial court's purview as the finder of fact to determine which factors are most salient and critical in each particular case." ***Id***. (citation omitted). The statutorily required factors are as follows:

**§ 5328. Factors to consider when awarding custody.**

**(a)** ***Factors.*** – In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a)(1) and (2) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

- 6 -

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

A trial court must "delineate the reasons for its decision when making an award of custody either on the record or in a written opinion." *S.W.D. v. S.A.R.*, 96 A.3d 396, 401 (Pa.Super. 2014). *See* 23 Pa.C.S.[A.] § 5323(a) and (d). However, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." *M.J.M. v. M.L.G.*, 63 A.3d 331, 336 (Pa.Super. 2013).

*R.L.*, 209 A.3d at 395.

As it relates to parents and third parties, we have further explained:

The parent has a *prima facie* right to custody, "which will be forfeited only if convincing reasons appear that the child's best interest will be served by an award to the third party." *V.B. v. J.E.B.*, 55 A.3d 1193, 1199 (Pa.Super. 2012) (quoting *Charles v. Stehlik,* 560 Pa. 334, 744 A.2d 1255, 1258 (2000)). Section 5327 of the Custody Act pertains to cases "concerning primary physical custody" and provides that, "[i]n any action regarding the

custody of the child between a parent of the child and a nonparent, there shall be a presumption that custody shall be awarded to the parent. The presumption in favor of the parent may be rebutted by clear and convincing evidence." 23 Pa.C.S.[A.] § 5327(b). This Court has defined clear and convincing evidence "as presenting evidence that is so clear, direct, weighty, and convincing so as to enable the trier of fact to come to a clear conviction, without hesitation, of the truth of the precise facts in issue." *M.J.S. v. B.B. v. B.B.*, 172 A.3d 651, 660 (Pa.Super. 2017) (citations and internal quotation marks omitted).

Accordingly, "even before the proceedings start, the evidentiary scale is tipped, and tipped hard, to the biological parents' side." *V.B.*, 55 A.3d at 1199 (quoting *Charles,* 744 A.2d at 1258). When making a decision to award **primary** physical custody to a nonparent, the trial court must "hear all evidence relevant to the child's best interest, and then, decide whether the evidence on behalf of the third party is weighty enough to bring the scale up to even, and down on the third party's side." *Id.* (quoting *McDonel v. Sohn,* 762 A.2d 1101, 1107 (Pa.Super. 2000)).

These principles do not preclude an award of custody to the nonparent but simply instruct the trial court that the nonparent bears the burden of production and the burden of persuasion, and the nonparent's burden is heavy. *Jones v. Jones*, 884 A.2d 915, 918 (Pa.Super. 2005). It is well settled, "[w]hile this Commonwealth places great importance on biological ties, it does not do so to the extent that the biological parent's right to custody will trump the best interests of the child. In all custody matters, our primary concern is, and must continue to be, the well-being of the most fragile human participant—that of the minor child." *Charles*, 744 A.2d at 1259. "Once it is established that someone who is not the biological parent is *in loco parentis*, that person **does not need to establish that the biological parent is unfit**, but instead must establish by clear and convincing evidence that it is in the best interests of the children to maintain that relationship or be with that person." *Jones*, 884 A.2d at 917 (emphasis in original).

*R.L.*, 209 A.3d at 396 (emphasis in original).

Instantly, the trial court analyzed the custody factors set forth in Section 5328(a) on the record at the conclusion of the hearing. *See* N.T., 2/7/23

(factors analysis), at 2-10. The trial court suggested the factors in Section 5328(a)(2),[7] (7), and (16)[8] are inapplicable. *See id.* at 4-6. The trial court found the remaining factors weighed evenly. *See id.* at 4-6, 9-10. The trial court found salient Section 5328(a)(4), the need for stability and continuity in the child's education, family life, and community life. In this regard, the trial court indicated the following:

> So[,] I find by clear and convincing evidence that the overarching factor under Section 5328 is the need for stability and continuity in this child's education, family life, and community life….[B]oth of you are doing a terrific job of raising this child….[T]he best thing I can do, frankly, is nothing. That is, to leave the existing order in place.

*Id.* at 3, 10. As such, while the trial court recognized the statutory presumption in favor of biological parents set forth at 23 Pa.C.S.A. § 5327(b), the trial court found clear and convincing evidence that Child's best interests dictated maintaining shared legal and physical custody:

> The [c]ourt is mindful that 23 Pa.C.S.[A.] Section 5327(b) provides that Father is entitled to a presumption over Smith. That presumption may be rebutted by clear and convincing evidence.
>
> [T]he [c]ourt finds by clear and convincing evidence that the need for stability and continuity in [] Child's life is sufficient to overcome the presumption contained in 23 Pa.C.S.[A.] Section 5327(b). Based upon that need for continuity, and based upon the fact that the parties are successfully co-parenting [] Child under the Order dated April 29, 2022, the [c]ourt finds by clear

---

[7] While the trial court did not separately address Section 5328(a)(2.1), the court noted the lack of involvement of a children's services agency at the beginning of its discussion. *See* N.T., 2/7/23 (factors analysis), at 2-3.

[8] We find the trial court's lack of discussion of Section 5328(a)(16) suggestive of its determination that it was not applicable.

and convincing evidence that there is no basis for changing custody as established by that Order. For that reason, the Order of April 29, 2022, is affirmed, and incorporated herein by reference as if more fully set forth, herein.

Trial Court Order, 3/1/23, at 2. *See* Trial Court Order, 3/7/23, at 2.

Father, however, asserts there is a lack of clear and convincing evidence to rebut the statutory presumption in his favor. *See* Father's Brief at 8-10. However, Father does not dispute the equal weight the court placed on the custody factors between him and Mr. Smith. *See id.* at 9. As discuss *infra*, Father misapprehends the law, and his claim fails.

Significantly, we find *R.L.* instructive. In *R.L.*, where the trial court concluded the custody factors weighed evenly, and the evidentiary scales were tipped to even,[9] the trial court awarded shared legal and physical custody to the child's mother and mother's former paramour, R.L., whom the trial court found to be *in loco parentis*. On appeal, this Court affirmed the trial court's award of shared legal and physical custody. *R.L.*, 209 A.3d at 393, 397-98. Addressing the mother's challenge to the evidentiary burden and assertion of a lack of clear and convincing evidence to rebut the statutory presumption, this Court held:

> Our precedent merely requires the scale to tip to the third party's side prior to awarding **primary** physical custody to the third party and, thus, we find no error in the trial court's finding that, in this case, when the scale was "tipped to even," an award of shared [] custody was in [the] [c]hild's best interest.

_____

[9] In *R.L.*, the trial court found, in part, that the child was doing well under the existing 50/50 custody arrangement. *R.L.*, 209 A.3d at 397.

*Id.* at 398.

Similarly, here, the record supports the trial court's conclusion that the factors weighed evenly between the parties. For example, at the time of the subject proceeding, Father and Mr. Smith had been exercising 50/50 shared custody for almost one year. *See* Order, 4/29/22. Father and Mr. Smith both reside in Williamsport in the same school district. *See* N.T., 2/7/23, at 45-46, 79. Father testified things are going well, and he and Mr. Smith are working together "perfectly" and as "civilized parents." *Id.* at 36. *See id.* at 29. Mr. Smith agreed. *See id.* at 83, 103-104. Further, Child is happy and doing well. He has half-siblings and extended family, with whom he is close, associated with each home. *See id.* at 17-24, 62, 65-67, 83-84, 86-89.

Following an analysis of the Section 5328(a) custody factors, the trial court concluded the factors weighed evenly between the parties. Upon review, the trial court did not abuse its discretion in determining that an award of shared legal and physical custody was in Child's best interest. *See R.L.*, 209 A.3d at 398. In challenging the trial court's conclusions and assessments, Father seeks to have this Court re-find facts, re-weigh evidence, and re-assess credibility. However, we will not disturb the trial court's findings of fact and determinations regarding the credibility and weight of the evidence absent the trial court's abuse of discretion. *See King*, *supra*. Here, there was no such abuse of discretion.

For the foregoing reasons, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/2023