J-A26031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| STEPHEN RUBERTO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXIS RUBERTO | : | No. 760 WDA 2024 |

Appeal from the Order Entered June 17, 2024
In the Court of Common Pleas of Allegheny County
Family Court at FD-20-07196-002

BEFORE:  BOWES, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:　　　　　　　**FILED: DECEMBER 24, 2024**

Stephen Ruberto (Father) appeals *pro se* from the order awarding legal custody to Alexis Ruberto (Mother) for the limited purpose of choosing which school the parties' child (Child) will attend in the 2024-2025 academic year. We affirm.

The trial court summarized the case history as follows:

Father and Mother were married on August 8, 2016.  They have one (1) child together: [Child, who was born in August 2018].  On January 28, 2020, Mother filed both [a] Complaint in Divorce … and a Complaint for Primary Physical and Shared Legal Custody. On November 17, 2021, a Decree in Divorce was granted.

On October 23, 2020, the parties agreed to an Interim Consent Custody Order.  They've operated under that order since that date.

On March 23, 2023, … Father entered his appearance as a self-represented party and filed a Petition for a Modification of a Custody Order seeking to address the issue of [s]chool [c]hoice for the 2023-2024 school year.

> The case proceeded to a [s]chool [c]hoice hearing … on July 26, 2023. On August 2, 2023, this [c]ourt issued an order giving Mother legal custody for the limited purpose of choosing where [C]hild would attend school for the 2023-2024 school year. The August 2, 2023 Order instructed the parties that each was permitted to raise the issue of future school choice by praecipe.
>
> On March 7, 2024, Mother filed a Praecipe to Schedule School Choice Hearing. … The [s]chool [c]hoice hearing was held on June 10, 2024. On June 14, 2024, this [c]ourt issued an order awarding Mother legal custody for the limited purpose of school choice for the 2024-2025 academic year only.

Trial Court Opinion (TCO), 7/30/24, at 1-2.

Father filed a notice of appeal, although he did not include a concise statement pursuant to Pa.R.A.P. 1925(a)(2)(i) (stating a concise statement "shall be filed and served with the notice of appeal"). On June 27, 2024, the trial court ordered Father to file a concise statement. On July 1, 2024, Father filed a *pro se* "Statement for My Appeal." *See In re K.T.E.L.*, 983 A.2d 745, 747 (Pa. Super. 2009) (declining to quash appeal in a children's fast track case where appellant filed a concise statement after the notice of appeal, but the late filing did not prejudice other parties and facilitated "the presumed purpose … to expedite the disposition of children's fast track cases").

Father's concise statement is a two-page narrative in which Father asserts that the trial court's "bias in-favor of Catholic schooling influenced the ruling in this matter resulting in prejudice" to Father. TCO at 2; *see also* Father's Statement for My Appeal, 7/1/24, at 1-2. We accept Father's statement consistent with *In re K.T.E.L.*, *supra*. However, the numerous defects in Father's brief preclude meaningful review.

The law is well-settled:

> Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may dismiss an appeal if the defects in the brief are substantial. If a deficient brief hinders this Court's ability to address any issue on review, the issue will be regarded as waived.

**Gould v. Wagner**, 316 A.3d 634, 638–39 (Pa. Super. 2024) (citations omitted).

Father has failed to comply with Pa.R.A.P. 2111, which sets forth the requirements for an appellant's brief, such as a statement of jurisdiction, statement of scope of review, statement of questions involved, and statement of the case. **See** Pa.R.A.P. 2111(a). Father's brief consists of 84 pages, approximately 80 of which are copies of filings (including the 48-page transcript, 8 pages of the trial court docket, and the 7-page TCO). **See** Father's Brief at 1-84 (unnumbered). Father includes a summary of the argument which promotes Father's preferred school district without summarizing an argument. *Id.* at 1 (stating, *inter alia*, that the district "provides excellent academics in one of the fastest growing school districts … where students are educated in newly renovated state of the art classrooms by highly qualified and masters[-]prepared teachers with national accreditation and recognition for excellence in education"). Father's only semblance of an argument is at the end of the brief, captioned "OPINION." *Id.* at 81. Without expanding on his claim of judicial bias, Father recasts the hearing evidence in favor of his school preference. *Id.* at 81-84. Father fails

to cite any legal authority, and disregards the applicability of precedential law to the facts of the case. ***See*** Pa.R.A.P 2119(a)-(c); ***see also In re Estate of Whitley***, 50 A.3d 203, 209 (Pa. Super. 2012) (failure to cite relevant legal authority constitutes waiver of the claim on appeal). Accordingly, we are compelled to affirm the trial court's order.[1]

Finally, even if we could disregard the defects in Father's brief, we would affirm the trial court's decision. In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. ***Graves v. Graves***, 265 A.3d 688, 693 (Pa. Super. 2021). This Court does not make independent factual determinations, and we defer to the trial court on matters of credibility and weight of the evidence. ***Taylor v. Smith***, 302 A.3d 203, 207 (Pa. Super. 2023). Our review reveals nothing to indicate that the trial court erred or abused its discretion in awarding Mother legal custody for the limited purpose of choosing Child's school during the 2024-2025 academic year.

Order affirmed.

---

[1] We recognize Father is *pro se*. Although this Court is willing to "liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>12/24/2024</u>