J-S02029-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JENNAH LEE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IBRAHIM MILLINGTON | : | |
| | : | |
| Appellant | : | No. 2399 EDA 2025 |

Appeal from the Order Entered August 29, 2025
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2018-009294

BEFORE: NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY MURRAY, J.: **FILED MARCH 6, 2026**

Ibrahim Millington (Father), *pro se*, appeals from the trial court's August 29, 2025, final custody order granting Jennah Lee (Mother) and Father shared legal custody, Mother primary physical custody, and Father partial physical custody, with respect to their daughter, I.A.H.L. (born in July 2015) (Child). After careful review, we affirm.

On November 30, 2018, Mother, *pro se*, filed the underlying custody complaint, seeking sole legal custody and primary physical custody of Child. Mother averred that Father did not have stable income or housing. Father, *pro se*, filed an answer and counterclaim for shared legal and physical custody. On February 1, 2019, the trial court entered a temporary custody order, which

awarded Father and Mother shared legal and physical custody of Child on an alternating weekly basis.[1, 2]

On October 4, 2019, before the trial court had conducted a hearing on her first notice of proposed relocation, Mother filed a notice of proposed relocation to Newark, New Jersey.[3]

Nearly a year later, on September 14, 2020, Father filed a counseled counter-affidavit regarding Mother's relocation petition. The trial court ordered Father and Mother to submit to a custody evaluation and scheduled a relocation and custody trial. Ultimately, on January 26, 2022, the trial court entered a relocation and custody order granting Mother's request for relocation, and awarding Father and Mother shared legal and physical custody on an alternating weekly basis. The court also specified that Child shall complete the school year at her then-current New Jersey school; Father must take Child to school during his custody periods; and Mother shall find a new

_____

[1] Since that time, and throughout the pendency of the custody proceedings, Mother and Father have filed a multitude of petitions for contempt.

[2] In the temporary custody order, the trial court noted that Mother had relocated to Easton, Pennsylvania, without providing legal notice to Father, and directed Mother to "begin relocation procedures." Temporary Custody Order, 2/1/19. Mother formally requested relocation to Easton on March 27, 2019. Mother obtained several hearing continuances.

[3] As Mother identified October 1, 2019, as the proposed date of relocation, it appears that she again relocated without first providing legal notice to Father.

school (approximately halfway between the parties' respective residences) for Child for the following school year.[4]

On March 14, 2024, Father filed a petition for modification of the custody order, seeking full custody of Child.[5] Father asserted that Mother refused to comply with the trial court's custody order, thereby preventing him from seeing Child, and that Mother is "abusive and overly aggressive" with Child. Petition for Modification, 3/14/24. The trial court ordered Mother and Father to submit to a custody evaluation prior to the scheduled custody trial.

The trial court subsequently held a pre-trial conference, at which time the court concluded Mother and Father had failed to provide information about proposed schools for Child. The court therefore ordered that "the situation shall remain status quo" until the trial. Order, 9/16/24. Because the custody

_____

[4] During a custody hearing on October 20, 2021, Father acknowledged that Child (who was in first grade at that time) did not attend school during the weeks he had custody. Relocation and Custody Order, 1/26/22, Findings of Fact, ¶ 23. In 2024, in response to one of Father's many petitions for civil contempt, the trial court ordered as follows:

> [Child] shall be immediately enrolled in a private or charter school located substantially equally between Hillside, NJ[,] and Lansdowne, PA. Should this not occur within forty-five (45) days of the date of this Order, then [Father] may enroll … [C]hild in a school in or closer to Lansdowne, PA.

Order, 6/28/24.

[5] Father did not clarify whether he sought full legal or physical custody of Child, or both.

trial would necessarily involve discussion of where Child would attend school, the trial court directed Mother and Father to present certain evidence concerning their preferred school (including the cost to attend, the distance from the school to each party's residence, and transportation arrangements).

Following a custody trial,[6] the trial court entered a final custody order awarding shared legal custody of Child to Mother and Father, and primary physical custody of Child to Mother. The court awarded Father partial physical custody for every other weekend during the school year, and every other week during the summer.

Father filed a timely notice of appeal and a simultaneous Pa.R.A.P. 1925(a)(1)(i) concise statement of errors complained of on appeal.

Father raises the following issues for review:

1. Whether the trial court committed reversible error by failing to conduct a complete and reasoned analysis of the 23 custody factors under 23 Pa.C.S.[A.] § 5328(a), and/or by making findings unsupported by competent evidence[?]

2. Whether the trial court abused its discretion and committed an error of law by relying on a "status quo" created through [Mother's] long-term noncompliance with prior final custody orders, rather than enforcing or giving proper weight to those orders and the evidentiary record[?]

3. Whether the trial court erred by disregarding uncontested evidence that [Mother] repeatedly and unilaterally controlled [Child's] school placement and relocation contrary to [the trial court's] final orders, thereby distorting the best-interest analysis[?]

_____

[6] Father represented himself during the custody trial. Mother was represented by counsel.

- 4 -

Father's Brief at 4 (unnumbered) (issues renumbered).[7]

When reviewing child custody orders,

our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*S.C.B. v. J.S.B.*, 218 A.3d 905, 913 (Pa. Super. 2019) (citation omitted); *see also Taylor v. Smith*, 302 A.3d 203, 207 (Pa. Super. 2023) (stating, "it is not this Court's function to determine whether the trial court reached the 'right' decision; rather, we must consider whether, based on the evidence presented, giv[ing] due deference to the trial court's weight and credibility determinations, the trial court erred or abused its discretion." (citation and some brackets and quotation marks omitted)).

"Subsection 5328(a) of the Child Custody Act sets forth 16 factors that a court must consider before making any custody determination, including a modification of a custody order." *E.B. v. D.B.*, 209 A.3d 451, 460 (Pa. Super.

_____

[7] Mother has not filed an appellee's brief.

2019). The court must "delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d).

In child custody cases, "the best interest of the child is paramount." *Taylor*, 302 A.3d at 207 (citation omitted). "This standard requires a case-by-case assessment of all the factors that may legitimately affect the physical, intellectual, moral and spiritual well-being of the child." *M.J.M. v. M.L.G.*, 63 A.3d 331, 334 (Pa. Super. 2013) (citation omitted). Moreover, "[i]t is within the trial court's purview as the finder of fact to determine which factors are most salient and critical in each particular case." *Taylor*, 302 A.3d at 207 (citation omitted).

In his first claim, Father asserts the trial court failed to conduct a complete analysis of the child custody factors under 23 Pa.C.S.A. § 5328(a). Father's Brief at 12 (unnumbered). Father contends the trial court did not properly consider Mother's failure to comply with court orders directing her to locate a new school for Child approximately halfway between Mother's and Father's respective residences. *Id.* If Mother had complied with the court's June 28, 2024, order, Father believes, he would have been awarded shared custody on an alternating weekly basis. *Id.* at 12-13 (unnumbered).

The argument section of Father's brief is undeveloped. Despite his assertion that the trial court failed to consider the child custody factors under 23 Pa.C.S.A. § 5328(a), Father does not identify any particular factor he believes the trial court failed to consider. Nor does Father cite to any other

relevant legal authority. *See* Pa.R.A.P. 2119(a) (stating that an appellant's argument shall include "such discussion and citation of authorities as are deemed pertinent."). Significantly, rather than explaining how the trial court's custody award was contrary to Child's best interest, Father focuses his attention on the alternating weekly custody schedule he prefers. *See* 23 Pa.C.S.A. § 5328(a) (requiring a court to determine the best interest of the child before awarding any form of custody). Father's first claim is waived on this basis.[8] *See Hayward v. Hayward*, 868 A.2d 554, 558 (Pa. Super. 2005) (concluding that appellant's failure to cite any pertinent authority in support of his argument resulted in waiver of his claim).

We address Father's remaining claims together, as they are related. In his second claim, Father argues the trial court "rewarded" Mother's

_____

[8] Even if Father had properly preserved his claim, we would conclude that it lacks merit. Our review confirms the trial court fully considered each of the section 5328(a) custody factors and detailed its reasoning in its conclusions of law supporting the final custody order. *See* Findings of Fact in Support of Custody Order, 8/29/25, at 12-20 (the trial court setting forth its conclusions regarding each of the enumerated custody factors). Additionally, the trial court explained that "[t]he best interest factors which most significantly guided [its] decision were the parental duties performed by each party, the need for continuity and stability in the Child's life, and the proximity of the parties' residences." *Id.* at 21; *id.* at 20-23 (additional discussion supporting the trial court's conclusions); *see also Taylor*, 302 A.3d at 207 (providing that the trial court, as the finder of fact, may decide which of the best interest factors are "most salient and critical"). Further, in its Rule 1925(a) opinion, the trial court reiterated its consideration of the section 5328(a) custody factors and concluded Father's claim lacks merit. *See* Trial Court Opinion, 9/30/25, at 4-7. As we discern no abuse of discretion or error of law in the trial court's analysis, Father's claim, if preserved, would not entitle him to relief.

noncompliance by "cit[ing] the consequences of that disobedience as justification for continued deprivation of [Father's] rights." Father's Brief at 10 (unnumbered). Father also claims the trial court failed to enforce its prior orders, including orders directing the parties to choose a school for Child. *Id.* at 10-11 (unnumbered).

Similarly, in his third claim, Father asserts the trial court improperly disregarded evidence of Mother's noncompliance with orders relating to Child's schooling. *Id.* at 14 (unnumbered). According to Father, Mother ignored the trial court's orders and unilaterally chose Child's schooling. *Id.* Father claims that "[t]he absence of accountability created a pattern in which Mother was effectively permitted to disregard orders with impunity, while Father's custodial time and parental role were steadily eroded through no fault of his own." *Id.* at 15 (unnumbered).

These claims are likewise waived due to Father's failure to adequately develop his argument with citation to and discussion of pertinent legal authority. *See* Pa.R.A.P. 2119(a); *Hayward*, *supra*.[9]

---

[9] Even if Father had preserved this issue, we would conclude that it lacks merit. In its opinion, the trial court fully detailed Mother's and Father's ongoing dispute over Child's school placement. *See* Trial Court Opinion, 9/30/25, at 8-11. The trial court noted that Father filed multiple petitions for contempt against Mother, in which he failed to challenge Child's school placement. *See id.* at 9-10. The court also emphasized that Father never provided any information concerning his preferred school choice for Child. *Id.* at 11; *see also id.* (trial court stating, "[Father] opines that the trial court has failed to enforce prior orders, but how was the trial court supposed to
*(Footnote Continued Next Page)*

Based upon the foregoing, we affirm the trial court's August 29, 2025, final custody order.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/6/2026

---

know where to send the Child if [Father] does not provide the required information?"); *id.* (stating, "Father's failure to follow through following the 2021-22 school year, when the trial court was willing to consider changing the Child's school to one closer to Father's residence for the 2022-23 school year, does not transform th[e] trial court's August 2025 findings into an abuse of discretion or legal error."). Additionally, emphasizing that Child was nearly ready to enter fifth grade at the time of the final custody order, the trial court found that "switching schools would be detrimental to the Child's need for continuity and stability...." Findings of Fact in Support of Custody Order, 8/29/25, at 21-22.

Moreover, to the extent Father wishes this Court to reassess the section 5328(a) custody factors in light of Mother's alleged noncompliance with previous trial court orders, we reiterate that "we are not in a position to reweigh the evidence and the credibility determinations of the trial court." *In re R.J.T.*, 9 A.3d 1179, 1190 (Pa. 2010); *see also S.C.B.*, 218 A.3d at 913. For these reasons, we would conclude that Father is not entitled to relief.