## IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| MELINDA WENTZ, | : No. 197 MAL 2026 |
| | : |
| Petitioner | : Petition for Allowance of Appeal |
| | : from the **Unpublished** |
| | : **Memorandum and Order** of the |
| v. | : Superior Court at No. 2217 EDA |
| | : 2025 (Dubow, Kunselman, |
| | : **Sullivan**, JJ.), entered on March |
| DUSTIN WENTZ, | : 12, 2026, **affirming** the Order of |
| | : the Carbon County Court of |
| Respondent | : Common Pleas at No. 22-2051 |
| | : (Nanovic, P.J.), entered on August |
| | : 1, 2025 |
| | : |

## CONCURRING STATEMENT

**JUSTICE WECHT**                                               **DECIDED: June 5, 2026**

Melinda Wentz ("Mother") and Dustin Wentz ("Father") share two children.  In March 2024, after a multi-day hearing on Mother's petition for custody and relocation, the trial court granted Mother's request to relocate to New Jersey and awarded her primary physical custody.  As support for its decision, the trial court cited Father's "persistent abuse of alcohol," his emotional abuse of Mother, his drunk driving, and his physical roughness with one of the children.[1]  The trial court also concluded that the children had a close relationship with Mother, who was their primary caretaker, and that the relocation could substantially improve Mother's and the children's lives as the new home would be

---

[1]     *See Wentz v. Wentz*, 2217 EDA 2025, slip op. at 2 (Pa. Super. Mar. 12, 2026) ("Slip. Op.").

closer to Mother's family, would lie within an excellent school district, and would allow acceptance of a good job opportunity that Mother had found.

Only seven months later, in October 2024, Father petitioned for modification of custody. The trial court held a hearing on the petition in June 2025. The trial court resumed the hearing in July 2025 and announced that it was reversing its March 2024 order. In reciting its ruling, the trial court did not address the statutorily-prescribed relocation factors, and Mother objected to that omission. The trial court recessed and then reconvened in order to address those factors.[2] The trial court concluded that Father had overcome his persistent alcohol abuse, that Father now lived in a stable family situation with his fiancé and their infant child, that Mother was not in a stable relationship, that Mother had not been candid about the nature of her relationship with a man with whom she vacationed, and that Mother had attempted to depict Father as being uninvolved in the children's lives. The trial court was unconcerned by the prospect of making another change in the children's homes and schools, notwithstanding the fact that the older child was participating in an individualized education plan ("IEP"). The court opined that "it had 'every reason to believe' [the child] will have an IEP in Pennsylvania" and that the siblings were "young and resilient children."[3] The trial court awarded Father primary custody and ordered that the children move back to Pennsylvania.

On appeal, the Superior Court first addressed Mother's complaint that the trial court had failed to consider the relocation factors in formulating its ruling, and had not contemplated them until Mother objected. The Superior Court opined that, while the statutory relocation factors apply when a parent proposes to relocate with the children,

---

[2]     See 23 Pa.C.S. § 5337(h) (enumerating the ten factors a trial court shall consider in determining whether to grant a proposed relocation); see also 23 Pa.C.S. § 5328(a) (enumerating the factors a trial court shall consider in ordering any form of custody).

[3]     Slip Op. at 7 (quoting Notes of Testimony, 7/31/2025, at 35, 26).

those factors also should be considered when, although neither parent is relocating, the requested custody modification would result in the children moving a significant distance. The Superior Court observed nonetheless that, under existing case law, it is "unclear . . . that a move of slightly more than one hour constitutes a significant distance."[4]

Mother's remaining issues challenged the trial court's fact-finding and the weight accorded to those facts. The Superior Court expressed concern that the trial court had drastically changed its position within a short time frame. The appellate panel also opined as follows: [5]

> We are deeply concerned with what we consider the trial court's improper focus on Mother's adult vacation with a male friend without the Children where there is no evidence that would have allowed the court to conclude the trip had an adverse effect on the Children. What Mother did on an adult vacation with a friend while the Children were with Father was irrelevant to the custodial decision before the trial court. Additionally, were we the factfinder, we might not have elected to assign as much favorable weight as the trial court does to Father's new parentage of another child and its alleged result in a "united family."[8]
>
> ---
>
> [8] In this regard, we commend Mother's counsel for refraining from cross examining Father or "fiancée" about the rapidity with which he impregnated another woman following the 2024 grant of primary custody to Mother resulting in part from Father's abuse of alcohol, or about the potential negative effect on the Children Father's out-of-wedlock cohabitation with the woman he impregnated would have, which although intensely personal is a line of questioning clearly more relevant than Mother's adult vacation without her children as the Children live with the "fiancée" when Father has custody.

These concerns notwithstanding, the Superior Court affirmed the trial court's order. Given its deferential standard of review, the panel concluded that the trial court did not

---

[4]    *Id.* at 15 (discussing *Graves v. Graves*, 265 A.3d 688, 701 (Pa. Super. 2021)).

[5]    *Id.* at 17-18 (internal citations omitted).

abuse its discretion. The appellate court stressed that it was not permitted to substitute its own judgment for that of the trial judge who heard and observed the witnesses.[6]

I share the Superior Court's concerns. In this case, the trial court ordered a swift and total reversal of its prior custody order, gave an appearance of bias in its references to Mother's adult vacation, and suddenly dropped its prior grave concern regarding Father's formerly persistent alcohol abuse. Issues appear in this case that could merit this Court's review had Mother raised them. But she failed to do so.

As the Superior Court acknowledged, there is an open question concerning whether the relocation factors must be considered under these circumstances, as well as a lack of clarity as to what constitutes a significant distance.[7] These would appear to constitute issues of first impression for this Court.[8] Mother could have argued that an interstate move for children should always be considered a relocation, or she could have advocated for modification of the case law interpreting the relocation statute. Mother focuses instead upon the trial court's delayed consideration of the relocation factors and the depth of that court's analysis of those factors. While Mother alludes to the question of what constitutes a significant distance,[9] she does not develop any argument that there is tension in the case law or that this may be an issue of first impression for this Court.

---

[6]     *Id.* at 18 (citing *Carrero v. Lopez*, 300 A.3d 494, 501 (Pa. Super. 2023); *Taylor v. Smith*, 302 A.3d 203, 207 (Pa. Super. 2023)).

[7]     In *D.K. v. S.P.K.*, the Superior Court held that, "where neither parent is relocating, and only the custodial rights of the parties are at issue, section 5337 of the Child Custody Act is not *per se* triggered," but that a trial court should nonetheless consider the relocation factors "where a request for modification of the custody order involves the change of residence of the child to a significantly distant location." 102 A.3d 467, 474 (Pa. Super. 2014).

[8]     *See* Pa.R.A.P. 1114(b) (listing criteria for granting a petition for allowance of appeal).

[9]     *See* Petition of Allowance of Appeal ("PAA") at 11.

Mother asserts that the Superior Court "so abused its discretion as to call for the exercise of the Pennsylvania Supreme Court's supervisory authority."[10] Mother claims that, in light of its criticism of the trial court's fact-finding and the weight accorded those facts, the Superior Court should not have affirmed the July 2025 order. However, Mother fails to reckon with the Superior Court's deferential standard of review, under which the appellate tribunal is barred from substituting its discretionary judgment for that of the trial court. Nor does Mother offer authority or argument to suggest that the Superior Court should have scrutinized more rigorously the trial court's complete reversal of its original order only a few months after its issuance. In short, Mother fails meaningfully to invoke the criteria set forth in Pa.R.A.P. 1114(b).

The instant petition for allowance of appeal does not develop an adequate presentation as required by Rule 1114(b). Hence, despite my serious concerns, and the issues that might have been presented for this Court's review, I concur in today's decision to deny allowance of appeal.

Justice McCaffery joins this concurring statement.

---

[10] Pa.R.A.P. 1114(b)(6); *see* PAA at 7.